CASE 23—INDICTMENT—APRIL 17.

# Tully v. Commonwealth.

APPEAL FROM SCOTT CIRCUIT COURT.

1. ARREST OF JUDGMENT IN CRIMINAL CASES.—By section 271 of the Criminal Code the power of the court to arrest a judgment can only be exercised where there is no public offense charged; and although the alleged offense may be so defectively stated as to make the indictment, with reference to such offense, bad on demurrer, still if any public offense has been committed by the accused within the jurisdiction of the court, conceding the facts alleged in the indictment to be true, the judgment will not be arrested.

2. ACCESSORY AFTER THE FACT.—At common law any one who, knowing a felon to be guilty, aids him in making his escape by furnishing him money or by other means, or prevents his apprehension by harboring or concealing him, is an accessory after the fact.

3. *The prosecution must show the guilt of the principal felon* before the conviction of the accessory can be had, and the indictment against the accessory must contain such allegations as to the commission of the crime and the guilt of the principal as would make it a good indictment against the principal.

4. *It is a universal rule of pleading* that where the existence of facts is material to enable the prosecution to convict, or a party in a civil proceeding to recover, those facts must be alleged.

5. *But if one be convicted as an accessory after the fact,* the judgment will

not be arrested where the indictment alleges that the principal is guilty of the offense charged, although the facts constituting the crime be not fully stated.

6. *Insufficient indictment for aiding an escape.*—A charge in an indictment that the accused aided a felon "to escape beyond the jurisdiction of the court in which he stands indicted, and beyond the custody of the jailer of Scott County and all other officers of this commonwealth, by furnishing him money," etc., is insufficient for a conviction under section 5, article 16, chapter 29 of the General Statutes, in regard to escapes from jail or the custody of an officer.

7. *As there is but one ground for arresting a judgment,* and it not appearing that the motion was made for any other, this court will presume that it was for that ground—that no public offense was charged in the indictment.

W. S. DARNABY, .  
A. G. RHEA, . . .  
J. S. GOLLADAY, .  . . . . . . . . . For Appellant,  
GEO. T. EDWARDS,

CITED

Criminal Code, secs. 15, 18, 121, 123, 129.  
Wharton's Crim. Law, 73, 147, 773.  
General Statutes, chap. 29, p. 318.  
Roscoe's Crim. Evidence, pp. 172, 173.  
Illinois Digest, 370, Haddock v. Waterman.  
General Statutes, secs. 5, 6, pp. 318, 342.  
Coke on Littleton, 52 *a.*  
1 Bishop's Crim. Law, secs. 70, 74, 305, 487, 551, 560, 561, 488, 490, 227.  
3 Greenleaf's Evidence, section 49.  
2 Duvall, 89, Pike v. Commonwealth.  
3 Met. 5, Commonwealth v. Perrigo.  
3 Met. 14, Burns v. Commonwealth.  
3 Met. 19, Jane v. Commonwealth.  
3 Met. 226, Commonwealth v. Stephenson.  
3 Pr. Wms. 409, Rex v. Burridge.  
2 Duvall, 159, Rhodus v. Commonwealth.  
6 Burr, 398, Mark v. Commonwealth.  
1 Bishop's Crim. Pro., secs. 15, 18, 70, 74.  
2 Blackstone, 39, and notes.  
3 Greenleaf's Evidence, p. 43, sec. 47.  
1 Parke's Crim. Rep., p. 246.  
4 Humph. 278, 281, 442.          3 Barb. Ch. 528.

7 Bush, 678, Donnellan v. Commonwealth.
2 B. Mon. 417, Ross v. Commonwealth.
3 Bush, 117, Sparks v. Commonwealth.
1 Met. 377, Payne v. Commonwealth.
1 Duvall, 224, Smith v. Commonwealth.
18 B. Mon. 493, Commonwealth v. White.

JOHN RODMAN, Attorney General, . . . . ⎫
J. LAWRENCE JONES, Commonwealth's Att'y, ⎬ For Appellee,
ALVIN DUVALL, . . . . . . . . . . . ⎭

CITED

Criminal Code, secs. 121, 123, 128, 129, 348, 349, 271.
1 Met. 6, Tipper v. Commonwealth.
3 Met. 22, Jane v. Commonwealth.
16 B. Mon. 36, Walston v. Commonwealth.
17 B. Mon. 409, Comely v. Commonwealth.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant, H. B. Tully, appeared in the Scott Circuit Court to answer the following indictment, found against him by the grand jury of Scott County: "The grand jury of Scott County, in the name and by the authority of the commonwealth of Kentucky, accuse Henry B. Tully of the offense of being *accessory after the fact* to the commission of a felony committed as follows, viz.: The said Henry B. Tully, on the 6th of March, 1874, in the county aforesaid, willfully and unlawfully aided and abetted Benjamin Osborn, whom he knew to be guilty of a felony by the murder of Jerry Burns, to escape beyond the reach and jurisdiction of the court in which he stands indicted for said crime, and beyond the legal and proper custody of the jailer of Scott County and of all other officers of the commonwealth, by furnishing him with money while in course of his flight with which to effect said escape, and by secreting and shielding him for that purpose from all detection or arrest and from all knowledge of citizens and officers of the commonwealth who would so arrest and apprehend him, thus knowingly and unlawfully enabling him to make good his escape

and to go and remain at large to this day, against the peace and dignity of the commonwealth of Kentucky."

A demurrer having been overruled to the indictment, the appellant pleaded not guilty, and upon the hearing a verdict and judgment were rendered against him "for one hour's imprisonment and a fine of ten thousand dollars." A motion for a new trial having been overruled, as well as a motion made to arrest the judgment, the case is now here on appeal.

As an error in overruling a demurrer to an indictment constitutes no ground for reversal, the important inquiry in the case is, Do the facts alleged in the indictment constitute a public offense within the jurisdiction of the court?

By the 271st section of the Criminal Code the power of the court to arrest a judgment can only be exercised where there is no public offense charged, and although the alleged offense may be so defectively stated as to make the indictment with reference to such an offense bad on demurrer, still if any public offense has been committed by the accused within the jurisdiction of the court, conceding the facts alleged in the indictment to be true, the judgment will not be arrested.

This proceeding is based on sec. 11, art. 1, chap. 28, Revised Statutes, that provides as follows: "Accessories after the fact, not otherwise punished, shall be guilty of high misdemeanors, and fined and imprisoned at the discretion of the jury, and may be tried though their principals be not taken and tried."

At common law any one who aids the principal felon, knowing him to be guilty, in making his escape, by furnishing him money or other means for that purpose, or prevents his apprehension by harboring or concealing him, is deemed an accessory after the fact. The mode of proceeding was to indict the principal and accessory jointly, and unless proceeded against in this manner no indictment could be maintained against the accessory until the principal had been tried and convicted. The statute of 11 & 12 Victoria changed the common-law rule of practice

and authorized an indictment against the accessory, although the principal had not been indicted or arrested.

By the General Statutes, chap. 29, art. 1, sec. 10, accessories before the fact are made liable to the same punishment as the principals, and may be arrested and tried although the principal offender is at large. Section 11 of the same article punishes an accessory after the fact by fine and imprisonment, although the principal has not been taken. Both of these sections are identical with the provisions of the Revised Statutes in force when this offense is alleged to have been committed.

In all such cases, both at common law and under the statute, inflicting punishment on accessories, it devolves on the commonwealth to show the guilt of the principal felon before a conviction of the accessory can be had; therefore it is necessary that an indictment against an accessory shall contain such allegations as to the commission of the crime and the guilt of the principal as would make it a good indictment against the principal; and these statements are indispensable to the validity of an indictment, whether joint or several, in a proceeding at common law or under the statute.

The statute modifying the rule so as to permit a separate indictment against an accessory does not dispense with the necessity of alleging and establishing by proof the guilt of the principal, and it is a universal rule of pleading that where the existence of facts is material to enable the prosecution to convict, or a party in a civil proceeding to recover, those facts must be alleged. "The indictment must allege every thing which it is necessary for his conviction to prove against him." (1 Bishop on Criminal Procedure, sec. 277.)

To illustrate the views here presented we need only allude to the issue made between the commonwealth and the accused and the principal instruction given by the court to the jury at the instance of the attorney for the state. The plea of not guilty puts in issue the guilt of Osborn, the principal, as well as the guilt

of the appellant.   Osborn is charged with the murder of Jerry Burns, and Tully, the appellant, as an accessory after the-fact.

In order to convict Tully the jury must first believe that Osborn was guilty of a felonious homicide, and by an instruction in the case the jury was told in substance that "if they believed from the evidence beyond a reasonable doubt that Henry Osborn, in this county, before the finding of the indictment in this case, willfully and with malice aforethought, and not in his own necessary self-defense, killed Jerry Burns, and whilst under an indictment for said offense and in the custody of the jailer of Scott County to answer the charge, made his escape from the jail of said county; and that the accused, knowing that Osborn had done and committed said felony, did on the      day of      , in the county aforesaid, feloniously, and for the purpose of enabling the said Osborn to make good his escape from custody and from answering for said offense, furnish the said Osborn with money to enable him to escape punishment, etc., they must find him guilty."

This instruction, if embodied in an indictment, would make the offense complete, except as to the mode of causing the death; and a variance between the mode of the killing stated in the indictment and the proof, the killing being established, was never in the way of a conviction at common law.   To have omitted from the instruction the facts necessary to constitute the crime of murder on the part of Osborn, or to have told the jury that if they believed from the evidence, beyond a reasonable doubt, that Osborn was guilty of the murder of Jerry Burns, and that appellant, knowing this fact, furnished him money for the purpose of aiding him to escape, would have been erroneous.   It is the duty of the court to inform the jury what is necessary to constitute the crime with which the party is charged, and for the latter to determine whether the facts as proven establish the guilt.   If necessary that the jury should believe Osborn with malice aforethought killed Jerry

Burns, it was equally as necessary that this fact should have been alleged in the indictment.

By section 123, Criminal Code, it is provided that the indictment must be direct and certain as to the offense charged, and this certainty is defined in section 128, same Code, that provides, "the act or omission charged as the offense must be stated with such degree of certainty as to enable the court to pronounce judgment on conviction according to the right of the case." It is further provided by section 129, Criminal Code, that "no indictment is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the parties." This last provision does not authorize the court to say that material allegations in a pleading are to be no longer regarded when from the evidence it appears an offense has been committed; but, on the contrary, such allegations are as essential now as they were prior to the adoption of the Code.

It can not be maintained that an indictment is good on demurrer that merely charges A with being guilty of the murder of B, and omits to state the facts constituting the offense. Conceding that such an indictment is bad on demurrer (and thus far the case is presented in that view alone), it does not follow when a party is proceeded against as an accessory, and convicted, that the judgment will be arrested if the indictment alleges the principal guilty of the offense charged, although the facts constituting the crime may not be fully stated.

If the indictment against Tully alleged that Osborn had murdered Jerry Burns, and stood indicted for that offense in the county of Scott, where the offense was committed, and that Tully, knowing him to be guilty of the murder, and with that knowledge of his guilt aided Osborn to make his escape from custody, or arrest, by furnishing him with money for that purpose, we are inclined to the opinion that it would be a technical construction of the liberal provisions of the Criminal Code,

intended to modify in this regard the rules of the common law, to adjudge that no judgment should be rendered on such a pleading after conviction, or to determine that no public offense had been committed within the jurisdiction of the court.

The indictment in this case, however, is fatally defective, as it is nowhere alleged that any public offense has been committed by either the principal or accessory. There is no allegation that Osborn had murdered Jerry Burns or was guilty of that offense, but a statement only "*that Tully willfully and unlawfully aided and abetted Benjamin Osborn, whom he knew to be guilty of a felony by the murder of Jerry Burns, to escape beyond the jurisdiction of the court,*" etc. It is true, it must be alleged and proven that the accessory knew that the principal felon had committed the felony, but it is equally as essential to allege in the indictment the guilt of the principal.

The commonwealth undertakes to convict the accessory on the allegation directly and certainly made that his principal is guilty; and, having made such an allegation, then proceeds to allege the guilt of the accessory by a statement of the latter's knowledge of the guilt of the principal felon; and with this knowledge, and for the purpose of enabling the felon to escape, furnished him with money, etc. The indictment may be defective in failing to allege the guilt of Osborn, so as to make the appellant an accessory after the fact, and still good as an indictment for aiding Osborn to escape from the jail of Scott County, and the custody of the jailer having him in charge by reason of the indictment pending against him for the murder of Jerry Burns.

By section 5 of art. 16, General Statutes, chap. 29 (a similar provision being in the Revised Statutes at the time this offense is said to have been committed), it is provided that "when one is lawfully detained as a prisoner in any jail or in custody, if any person shall aid him in any way to escape or in the attempt to escape from such jail or custody, etc., . . . he shall,

if the prisoner was detained on a conviction or on a charge of felony, be confined in the penitentiary not less than one nor more than five years."

There is no statement contained in the indictment that Osborn was ever lodged in the jail of Scott County, or was in the jail or in the custody of the jailer or any other officer of this commonwealth, and therefore no offense is charged by reason of this statute. It is alleged that the accused aided Osborn "to escape beyond the jurisdiction of the court in which he stands indicted for said crime, *and beyond* the custody of the jailer of Scott County and all other officers of this commonwealth, by furnishing him money," etc. It can not be maintained that the court has even the right to infer from this statement that Osborn was in jail or in the custody of the jailer or other officer, but the legitimate inference is that he was avoiding arrest and imprisonment. The proof shows that Osborn was in custody and made his escape from jail; and if the indictment could be sustained it would be immaterial whether he escaped from jail or was avoiding arrest; if guilty, the accused would be liable if he aided him in making his escape. The indictment is not good at common law, for the reasons already stated, as the offense of aiding a felon to escape made the party thus offending an accessory after the fact.

It is urged in argument that the motion in arrest of judgment failing to show upon what ground it is based, this court should presume that it was for some other reason than the cause assigned by the Code. By section 271, Criminal Code, "the only ground on which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court." As there is but one ground for arresting a judgment, and it not appearing that the motion was made for any other cause, this court will presume it was for the reason that no public offense was charged.

It is not necessary that the motion should specify this ground, as it is the only one upon which a judgment can be arrested.

The indictment being deficient, it is not necessary to dispose of the other questions raised in the case. It results therefore that the motion to arrest the judgment should have been sustained. For the reasons indicated the judgment of the court below is reversed for further proceedings consistent with this opinion.