WALTER DAVIS *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 4—719.]

**Arrest of Judgment in a Criminal Case.**

The only ground upon which a judgment in a criminal case may be arrested is that the facts pleaded in the indictment do not constitute a public offense within the jurisdiction of the court.

**No Reversal Where Instructions Are Not All in the Record.**

The Court of Appeals has no power to reverse a judgment for an error in instructing the jury in the absence of any of the instructions given, unless those contained in the record could not under any circumstances and with any modification or explanation be the law applicable to the case. Where the record does not contain all the instructions given, this court will presume that those given, but not in the record, supplied and explained those given and contained in the record.

APPEAL FROM McLEAN CIRCUIT COURT.

February 27, 1883.

OPINION BY JUDGE HARGIS:

This record presents two questions. First, Should the motion in arrest of judgment have been sustained? Second, Did the court err in instructing the jury? In regard to the first, Criminal Code (1876), § 276, expressly provides that "The only ground upon which a judgment shall be arrested, is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court." The indictment in this case accused the defendant "of the crime of malicious shooting and wounding," and proceeds with a statement of the acts constituting the offense of malicious shooting and wounding with an intention to kill. The facts stated clearly constitute that offense.

Although the omission from the accusatory part of the indict-

ment of the words "with intention to kill" renders the accusation defective in legal description of the offense, as defined by the statute, yet the indictment stated facts which constitute a public offense within the jurisdiction of the court, and the motion to arrest the judgment was therefore properly overruled.

If the indictment had been demurrable for the defect in the accusatory part of it, still as the indictment shows that the defendant had committed a public offense within the jurisdiction of the court, and the record demonstrates that he was convicted of the offense stated in the indictment, the court did not err in refusing to arrest the judgment. Tully v. Commonwealth, 11 Bush (Ky.) 154, Criminal Code, § 276.

The nature and cause of the offense were fully set forth in the indictment, and a person of ordinary understanding could easily have known what was intended. We do not think the defendant was or could have been misled.

As to the alleged error in instructing the jury, there is no bill of exceptions and the record does not contain all the instructions given by the court to the jury, and according to Criminal Code, § 341, this court has no power to reverse the judgment for an error of the lower court in instructing the jury, in the absence of any of the instructions given, unless those contained in the record could not under any circumstances and with any modification or explanation be the law applicable to the case.

The single instruction before us is not in itself erroneous, unless no other instruction was given. It tells the jury, in substance, and very accurately, that if the defendant wilfully and maliciously shot and wounded J. C. Mitchell, with a pistol and with the intention of killing him, without killing him, they should find him guilty of a felony.

Other instructions were given, but as they are not contained in the record we can not know what they are, but the presumption is very strong that they contained the law of self-defense and sudden heat and passion, with directions to the jury as to their duty relative to doubt as to the degree of the offense.

Wherefore the judgment is *affirmed.*

*J. C. Jenson, for appellant.*

*P. W. Hardin, for appellee.*

[Cited, *Higgins' Admr. v. Louisville & N. R. Co.,* 18 Ky. L. 899, 38 S. W. 876.]