# Duncan v. Commonwealth.

(Decided June 4, 1915.)

## ·Appeal from Pulaski Circuit Court.·

1. Criminal Law—Motion in Arrest of Judgment—Ground For.—"A motion in arrest of judgment is an application on the part of the defendant, that no judgment be rendered upon a verdict against him, or on a plea of guilty." Criminal Code, Section 275. "The only ground upon which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court." Criminal Code, Section 276.

2. Criminal Law—Defective Indictment—Effect of Failure to Demur—When Defect Not Ground for Arrest of Judgment.—Although the alleged offense may be defectively stated in the indictment so as to render it bad on demurrer, still, if, considering the facts stated in the indictment to be true, a public offense has been committed by the defendant, within the jurisdiction of the court, a motion ·in arrest of judgment will not avail; the defect is waived by failure to demur.

SIMPSON PHELPS for appellant.

JAMES GARNETT, Attorney General, and R. T. CALDWELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Effie Duncan, was jointly indicted with G. W. Pridemore and James Duncan, by the grand jury of Pulaski County, for the crime of knowingly receiving stolen goods from others, of the value of more than twenty dollars. At the February term, 1915, of the Pulaski Circuit Court, the appellant and James Duncan were together tried for the crime charged in the indictment. The trial resulted in the acquittal of James Duncan and the conviction of the appellant, Effie Duncan; the verdict of the jury finding her guilty and fixing her punishment at confinement in the penitentiary from one to five years. Following the return of the verdict appellant filed a motion and grounds for a new trial, and also entered a motion in arrest of judgment, but both motions were overruled by the court and judgment duly entered in accordance with the verdict. This appeal is prosecuted from that judgment.

The only ground urged by appellant for the reversal of the judgment is that the trial court erred in overrul-

ing her motion in arrest of judgment. Section 275, Criminal Code, thus defines a motion in arrest of judgment:

"A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered upon a verdict against him, or on a plea of guilty."

. Section 276 provides: "The only ground upon which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court."

Section 277 provides: "The motion may be made at any time before judgment, or after judgment during the same term of the court."

It is appellant's contention that the facts stated in the indictment under which she was convicted do not constitute a public offense, within the jurisdiction of the court. The indictment, omitting the formal parts, is as follows:

· "The Grand Jury of Pulaski County, in the name and by the authority of the Commonwealth of Kentucky, accuse G. W. Pridemore, Jas. Duncan and Effie Duncan of the crime of feloniously and knowingly receiving stolen goods from others of the value of more than twenty dollars, committed in the manner and form as follows, viz:   That said Pridemore, Jas. Duncan and Effie Duncan, on the 1st day of January, 1915, before the finding of this indictment and in the county and State aforesaid, did unlawfully and feloniously receive from Ernest Smith and George Wilson goods, wares and merchandise of the value of more than twenty dollars, the personal property of T. A. Hail and W. E. Kelley, a further description of which is to the grand jury unknown, which lately before had been feloniously taken, stolen and carried away by the said Ernest Smith and George Wilson from said Hail and Kelley with the fraudulent intent then and there to convert same to their own use and to permanently deprive the owners thereof; and the said G. W. Pridemore, James Duncan and Effie Duncan then and there well knowing that said property the stealing whereof is punished as a felony, had been feloniously stolen by the said Smith and Wilson in the manner aforesaid, and the said G. W. Pridemore, Duncan and Duncan did feloniously receive said goods and property from said Smith and Wilson with the fraudulent intent then and there to convert same to their own · use and to permanently deprive the owners thereof, against the peace and dignity of the Commonwealth of · Kentucky."

The indictment is undoubtedly defective in one respect. It does not sufficiently describe the stolen property alleged to have been received by the appellant. Section 122, Sub-section 2, Criminal Code, requires that the indictment must contain "a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended; and with such degree of certainty as to enable the court to pronounce judgment, on conviction, according to the right of the case."

Section 124, Criminal Code, provides: "The indictment must be direct and certain as regards: (1) The party charged. (2) The offense charged. (3) The county in which the offense was committed. (4) The particular circumstances of the offense charged, if they be necessary to constitute a complete offense."

An indictment which charges the defendant with receiving stolen goods must describe the goods as would be required in an indictment for the larceny of the same property. Roberson's Criminal Law & Practice, Vol. 1, Section 431.

In Clary v. Commonwealth, 163 Ky., 48, the indictment charged the defendant with the crime of embezzlement, and that the property embezzled was "goods, wares and merchandise, personal property of value, then and there belonging to said McAtee, Lyddane and Ray, and a further description whereof is to the grand jurors unknown." It was held that such description of the property was insufficient, for which reason the circuit court erred in overruling the defendant's demurrer to the indictment. The opinion, quoting from Bradley v. Commonwealth, 132 Ky., 519, declares that "the property embezzled must be described with the same particularity and the ownership stated with the same degree of care, as is required in an indictment for larceny." It will be observed that the description of the property embezzled, furnished by the indictment in the Clary case, does not materially differ from that given of the stolen property by the indictment in the instant case.

Had a demurrer been filed to the indictment, it would have been the duty of the trial court to sustain it, and this duty, we assume, would have been performed. But appellant failed to demur, and only objected to the defect in the indictment referred to by entering a motion

in arrest of judgment, which was, of course, done after verdict. Such motion cannot avail to reach the defect complained of unless its character is such as to prevent the indictment as a whole from stating a public offense. The defect in the indictment was, as will appear from the authorities later referred to, one which could be and was waived by the appellant's failure to demur.

The evidence heard on the trial has not been brought by appellant to this court, and hence does not appear in the record, and in its absence the presumption will be indulged that it established every fact necessary to appellant's conviction under the indictment, including the identity of the goods, wares and merchandise named in the indictment as constituting the stolen property alleged to have been received by her with knowledge that it was stolen; and, further, that it was of such character as to come within the description, such as it was, alleged in the indictment.

In Greer v. Commonwealth, 164 Ky., 396 (Advance Sheets, May 8, 1915), we had occasion to pass upon the question we are here considering, and in the opinion it is said:

"Appellant further insists that the indictment was insufficient. This objection was not raised by demurrer, but by motion in arrest of judgment; and such motion will prevail only when the indictment attacked fails to state a public offense, within the jurisdiction of the court. Although the alleged offense may be so defectively stated in the indictment as to render it bad on demurrer, still, if considering the facts stated in the indictment to be true, a public offense has been committed by the defendant, within the jurisdiction of the court, the motion in arrest of judgment will not avail to reach the defect; it is waived by failure to demur."

The rule thus stated seems to be amply sustained by the following cases, cited in the opinion: Tully v. Commonwealth, 11 Bush, 154; Hodges v. Commonwealth, 11 R., 226; Commonwealth v. Bowman, 96 Ky., 42; Justice v. Commonwealth, 20 R., 363; Parrot v. Commonwealth, 20 R., 761.

In view of the foregoing authorities it is our conclusion that, although the description of the stolen property furnished by the indictment is defectively stated, yet its averments as a whole, taking them to be true—which is conceded by the motion in arrest of judgment—show the

commission of a public offense by appellant within the jurisdiction of the court, viz., the offense therein charged. It therefore follows that the action of the circuit court in overruling the motion in arrest of judgment was not error.

Judgment affirmed.