## Childress v. Commonwealth.

(Decided February 20, 1923.)

### Appeal from Rockcastle Circuit Court.

Perjury—False Swearing—Indictment and Information.—An indictment for false swearing which fails to set out the specific public offense investigated by the grand jury, with respect to which the defendant is therein alleged to have made under oath the false statement constituting the offense of false swearing charged, should, on demurrer, be held fatally defective; and the failure of the trial court to so hold will, on appeal, be declared reversible error.

L. W. BETHURUM and H. J. McCLURE for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Petition for rehearing sustained, rehearing granted, former opinion withdrawn, judgment reversed.

Charged by indictment with the crime of false swearing, the appellant, Dooley Childress, was tried for and convicted of the offense, and his punishment fixed at confinement of one year in the penitentiary. On his appeal of the case to this court we affirmed the judgment by an opinion delivered October 3, 1922. The case is again before us on the appellant's petition for a rehearing. On the hearing of the appeal the reversal of the judgment was asked on the grounds of alleged error on the part of the trial court, (1) in overruling the appellant's demurrer to the indictment; (2) in refusing a directed verdict of acquittal.

The only defect then claimed to exist in the indictment was that it failed to sufficiently allege the appellant's knowledge of the false statement with which he was charged. We held that the indictment did sufficiently allege such knowledge, and we yet adhere to that conclusion. In the petition for rehearing, however, a new and distinct objection is made to the indictment, which seems to have been discovered by appellant's counsel since the former hearing, viz.: That it is fatally defective in that it fails to set out the matter judicially pending, or specific public offense being investigated by the grand jury, with respect to which the appellant was sworn and made the alleged false statements; and this we find upon investigation to be true. The statement in the indictment of the matter judicially pending, or the specific public offense being investigated by the grand jury, in regard to which the appellant was alleged to have falsely testified under oath, was under section 1174, Kentucky Statutes, defining the crime of false swearing, essential to the validity of the indictment, and we have so held in numerous cases. Ford v. Commonwealth, 16 R. 528; Kerfoot v. Commonwealth, 89 Ky. 174; Richey v. Commonwealth, 81 Ky. 524. If this defect in the indictment could have been cured by evidence, it was not done.

For the reasons indicated the petition for rehearing is sustained, a rehearing granted, the former opinion withdrawn and the judgment reversed, with directions to the court below to grant the appellant a new trial, sustain the demurrer to the indictment, and allow such further proceedings as may not be inconsistent with the opinion.