## Connell v. Commonwealth.

(Decided May 16, 1924.)·

### Appeal from Jefferson Circuit Court (Criminal Branch).

Criminal Law—Defective Warrant Could Not be Reached by Motion in Arrest of Judgment—Warrant for unlawful sale of intoxicating liquors, defective in failing to name purchaser or to specify date, or that it was within 12 months, could not be reached by motion in arrest of judgment, under criminal Code of Practice, section 122, subsection 2, and section 124; defects being such that they may be waived.

MARTIN T. MORAN and MATT J. HOLT for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On July 23, 1923, a justice of the peace of Jefferson county issued a warrant of arrest for the appellant, Edell Connell, in which he was charged with having committed "the offense of unlawfully selling intoxicating liquors for other than sacramental, medicinal, scientific or mechanical purposes, in the county of Jefferson," and the officer to whom the warrant was directed was commanded to arrest appellant, bring him before the justice and be dealt with according to law. The warrant did not specify the date of the alleged unlawful sale, nor did it name the person to whom the sale was made, although the date of the sale *was* named in the affidavit filed with the justice as a basis for issuing the warrant, but the name of the purchaser of the whiskey was not therein given. Appellant was convicted at his trial before the justice and he duly prosecuted an appeal to the Jefferson circuit court. In that court he filed no demurrer to the warrant, under which he was charged and arrested, nor did he take any

other step challenging its sufficiency, but entered a plea of not guilty and announced ready for trial when the case was called. The alleged purchaser of the whiskey was introduced and he testified without objection that on July 14th he purchased from the accused in Jefferson county, Kentucky (designating the place), a half pint of moonshine whiskey for which he paid one dollar. He also testified, without objection, that he made a second purchase from defendant at the same place and in company with another between the date of the first one and the issuing of the warrant. The appellant denied both alleged sales by him and testified to an alibi, in which he stated that at the respective dates mentioned by the prosecuting witness he was cooking for a camping party then located on Harrod's creek, but the jury disregarded his denial, as well as his alibi and convicted him. His motion for a new trial was overruled followed by one in arrest of the judgment, under the provisions of section 276 of the Criminal Code, upon the ground that the warrant upon which he was tried, did not state facts sufficient to constitute a public offense within the jurisdiction of the court, which motion was likewise overruled, and to reverse the judgment pronounced on the verdict he prosecutes this appeal. A number of objections are argued in brief of counsel, but we do not deem any of them sufficiently material to deserve our consideration except those discussed below.

It is insisted that the warrant was defective in failing to contain the name of the person to whom the alleged sale was made, and in failing to specify the date of the sale, or that it was within twelve months before the issuing of the warrant, and for those reasons the motion in arrest of judgment should have prevailed. If the comprehensive testing effect of such a motion was the same as a demurrer the contention would be correct, but by the express provisions of the section of the Code, *supra,* such a motion is only available when the indictment, warrant or information does not state facts sufficient to constitute a public offense within the jurisdiction of the court. If a public offense is stated, although defectively, and in such a manner as to be bad on demurrer, the defect can not be reached by a motion in arrest of judgment. Tully v. Commonwealth, 11 Bush 154; Commonwealth v. Bowman, 96 Ky. 40; Hodges v. Commonwealth, 11 Ky. L.

R. 226; Justice v. Commonwealth, 20 Ky. L. R. 386; Parrott v. Commonwealth, idem. 761; Greer v. Commonwealth, 164 Ky. 396, and Duncan v. Commonwealth, 165 Ky. 247.

While this court has held in a number of cases that the accusatory paper in this character of offense should contain the name of the purchaser of the intoxicating liquor, and also state that it was committed within the statutory period for its prosecution, yet those facts are not made any part of the offense itself by the statute creating it. They are matters of description only, and are required to be stated so as to comply with the provisions of subsection 2 of section 122 and section 124 of the Criminal Code relating to the necessary particularity of the accusation to enable the accused to properly prepare for and present his defense. They thus become enlightning requirements for the benefit of defendant, which under the opinions, *supra,* he may waive by failing to interpose his objections in the proper manner and at the proper time. The objection, however, may not be so waived and may be insisted on by a motion in arrest of judgment if the accusation was so defective as that, because of omissions or otherwise, it failed *entirely* to state a public offense within the jurisdiction of the court.

The offense here as defined in the statute consists of selling intoxicating liquor for beverage purposes and not for any of the specified permissible purposes, and there is nothing in the statute requiring that the name of the purchaser shall be stated in the indictment, warrant or information preferring the charge. Such requirement is one only of judicial interpretation and is a part of the necessary description required by the sections of the Code, *supra,* for the benefit of the accused; and, therefore, one that may be waived in the manner hereinbefore stated, and if so done the right to arrest the judgment after verdict is lost, all of which is settled by the opinions in the cases, *supra.*

But, independently of the foregoing, the exact question was before this court in the case of Bitzer v. Commonwealth, 141 Ky. 58, the facts in which are on all fours with those in this case. The prosecution therein was by warrant issued by an inferior court having jurisdiction of the offense. It contained the same omissions found in this case. The defendant did not raise the question by demurrer or otherwise, but went to trial under his

plea of not guilty. The prosecuting witness in that case was a policeman dressed as a civilian, as was also true in this case; and the court held that after verdict it was too late to rely on the defective warrant, since its defects were waived by failing to demur thereto or in any other manner question its sufficiency before verdict. If defendant had so raised the question, under numerous opinions of this court, the warrant could have been amended so as to cure the objections upon a motion made by the Commonwealth for that purpose, and defendant should not be permitted to withhold his objections to such defects, and to speculate upon the verdict of the jury and then get the benefit of them, if it should be adverse to him. The Bitzer case, which we regard as sound, is conclusive upon all the questions hereinbefore discussed and relied on for a reversal in this case, including the objection to the testimony of the prosecuting witness because he was a policeman.

Wherefore, the judgment is affirmed.