## Ketcham v. Commonwealth.

(Decided October 9, 1925.)

### Appeal from Laurel Circuit Court.

1. Perjury—Indictment for False Swearing, Not Alleging Particular Matter Pending or Public Offense Being Investigated by Grand Jury, Held Fatally Defective.—Indictment for false swearing, which failed to set out particular matter or thing then judicially pending, or to specify what, if any, public offense was being investigated by grand jury, with respect to which defendant was alleged to have made under oath false statements constituting offense charged, held fatally defective.
2. Criminal Law—Overruling Demurrer to Defective Indictment Held Reversible Error.—Where indictment for false swearing was fatally defective, in that it did not allege particular matter pending or offense being investigated by grand jury, overruling demurrer thereto was reversible error.
3. Judges—Affidavit of Disqualification Conclusive as to Truth of Material Facts, Notwithstanding Irrelevancy of Other Averments. —An affidavit filed by accused to disqualify judge is conclusive as to truth by material facts therein presented, and trial judge should declare his disqualification, where material facts averred evidence such bias and prejudice as to unfit judge for trial, notwithstanding much of affidavit is irrelevant.

LEWIS & LEWIS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This is an appeal from a judgment of the Laurel circuit court entered upon a verdict finding the appellant, L. M. Ketcham, guilty of the crime of false swearing and fixing his punishment at a year's imprisonment in the penitentiary.

The several grounds filed in support of the appellant's motion for a new trial, overruled by the circuit court, are now relied on by him for the reversal of the judgment appealed from. The one presenting complaint of the action of the trial court in overruling his demurrer

to the indictment will first be considered. The indictment, omitting its merely formal parts, reads as follows:

"The said L. M. Ketcham did on the 12th day of March, 1924, in the county and circuit aforesaid, and before the finding of the indictment herein, unlawfully, wilfully, knowingly and feloniously swear, depose and give in evidence that which was false and untrue when he was before the grand jury of Laurel county and sworn by C. F. Chesnut, foreman of said jury, to testify concerning all violations of the law of which he might know or have knowledge, said Chesnut having legal authority to administer an oath; defendant did wilfully, knowingly and corruptly swear, depose and give in evidence that he had no knowledge of the burning of a cross near Marion McFadden's home; when the said Ketcham made said statements he knew that each and all of said statements were willful, corrupt and false. In fact and in truth said Ketcham did know that said cross was to be burned and had knowledge of the burning of said cross and direct the burning of said cross, and defendant knew at the time he made said statements that he did have knowledge of the burning of said cross and did direct the burning of said cross. . . . "

It will be observed from a careful reading of the indictment that, notwithstanding its many repetitions, it wholly fails to set out the particular matter or thing then judicially pending, or to specify what, if any, public offense was being investigated by the grand jury, with respect to which the appellant is alleged to have made under oath the false statement or statements constituting the offense of false swearing charged. It is merely alleged in the indictment that while before the grand jury the appellant, after being sworn by its foreman, C. F. Chesnut, "to testify concerning all violations of the law of which he might know or have knowledge," made the alleged false statements attributed to him.

It does not, therefore, appear from the above language, or from any allegation elsewhere found in the indictment, that the burning of the cross near the home of McFadden or the discovery of the names of the perpetrators of that act, was a matter then judicially pending, or a specific public offense being investigated by the grand jury with respect to which the appellant was sworn to testify, or did testify. It will not do to say that it may be

inferred from the nature of the questions the indictment alleges were asked the appellant, and the answers alleged to have been made by him thereto, that the burning of the cross near McFadden's home was the matter judicially pending or specific, public offense being investigated by the grand jury with respect to which he was sworn and made the alleged false statements; for the absence from the indictment of allegations of these facts, essential to its validity, cannot be supplied by mere inference or speculation.

This question has been passed on in quite a number of cases decided by this court. One of these cases is that of Childress v. Commonwealth, 197 Ky. 641, in which an indictment for false swearing containing a like omission to that found in the indictment here in question, was held fatally defective, and the judgment manifesting the defendant's conviction of the crime of false swearing therein charged reversed, because of the trial court's failure to sustain a demurrer to it. In the opinion it is, in part, said:

"The statement in the indictment of the matter judicially pending, or of the specific public offense being investigated by the grand jury, in regard to which the appellant was alleged to have falsely testified under oath, was under section 1174, Kentucky Statutes, defining the crime of false swearing, essential to the validity of the indictment, and we have so held in numerous cases. Ford v. Commonwealth, 16 R. 528; Kerfoot v. Commonwealth, 89 Ky. 174; Rickey v. Commonwealth, 81 Ky. 524. If this defect in the indictment could have been cured by evidence, it was not done."

A like conclusion to that declared in Childress v. Commonwealth, *supra,* was reached in the case of John Sizemore v. Commonwealth, 210 Ky. 401, in the opinion of which it is, in part, said:

"It is the rule in this state that an indictment for false swearing is fatally defective which fails to state a matter judicially pending, or to specify the public offense being investigated by the grand jury with respect to which the defendant was sworn and made the alleged false statements. Childress v. Commonwealth, 197 Ky. 641, 247 S. W. 705. Here, the indictment merely charges that appellant was

fully sworn by J. M. Porter, the foreman, 'who had authority to administer an oath,' coupled with the further allegation that the statement was material, 'and about a matter in which defendant could legally be sworn.' It is at once apparent that this allegation falls far short of stating the matter judicially pending, or of specifying the public offense being investigated by the grand jury.''

It is patent from the authorities, *supra,* that the indictment under which the appellant was convicted of the crime of false swearing therein charged, was and is fatally defective. Hence, the action of the trial court in overruling his demurrer thereto must be, and is, declared reversible error.

It is also complained by the appellant that the judge of the trial court erred to the prejudice of his substantial rights in refusing to vacate the bench and in overruling his motion that he do so and permit him to be tried by a special judge to be appointed, as provided by law by the Governor of the state for that purpose. The motion was supported by a six-page affidavit of the appellant, elaborately setting forth the numerous grounds urged by him for sustaining it.

It is our conclusion that this motion should have prevailed. But as the judgment appealed from must be reversed because of the error committed by the trial court in overruling the demurrer to the indictment, and a discussion of the many facts contained in the affidavit supporting the motion, together with a statement of our reasons for sustaining it, would unnecessarily extend this opinion, we deem it sufficient to say that, while much of what is stated in the affidavit is irrelevant, the material facts therein presented, and the truth of which we are required to accept, do as a whole compel us under the rule stated in Stamp v. Commonwealth, 195 Ky. 404, and other cases cited below, to conclude that they manifest such bias and prejudice on the part of the trial judge toward and against the appellant, as disqualified him to preside in the latter's trial and should have prevented him from doing so. Massie v. Commonwealth, 93 Ky. 588; Powers v. Commonwealth, 114 Ky. 237; Rush v. Denhart, 138 Ky. 238.

For the reasons stated the judgment is reversed and cause remanded, with directions to the trial court to set it and the order overruling the demurrer to the indict-

ment aside, and sustain the demurrer, and for such further proceedings as may not be inconsistent with the opinion.