## Sanlin v. Commonwealth.

(Decided January 15, 1926.)

### Appeal from Owsley Circuit Court.

1. Criminal Law—Facts Stated in Indictment Considered True on Motion in Arrest of Judgment.—Facts stated in indictment must be considered true on motion in arrest of judgment.

2. Criminal Law—Motion in Arrest of Judgment Unavailable, if Indictment States Facts Showing Commission of Public Offense.— If facts stated in indictment show commission of public offense by defendant within court's jurisdiction, though offense is so defectively stated as to render indictment bad on demurrer, motion in arrest of judgment will not avail; defects being regarded as waived by failure to demur

3. Perjury—Indictment Not Stating Matter Judicially Pending, with Respect to which False Statements were Made, Bad on Demurrer.—Failure of indictment for false swearing, under Ky.

Stats., section 1174, to set forth case or matter, judicially pending or investigated by grand jury, with respect to which defendant is alleged to have made false statements, renders indictment bad on demurrer.

4. Perjury—Indictment, Not Alleging that False Statements were Made Under Oath Administered by Officer Authorized to do so, Insufficient.—While oath need not be taken, nor false testimony given, in matter judicially pending or material to any point in question, indictment not stating that alleged false statements were made on subject, on which defendant could be and was sworn by officer authorized to administer oath, is insufficient.

5. Perjury—Indictment Held Insufficient as Not Showing that Defendant was Sworn when or Before Making False Statements.—Indictment, alleging that defendant did falsely swear before named judge, "a person authorized to administer an oath," held insufficient as not showing that he was sworn when or before making alleged false statements.

6. Indictment and Information—Every Material Fact Necessary to Prove Must be Stated in Indictment.—Under Criminal Code of Practice, section 124, subsecs. 1-4, every material fact necessary to prove to convict defendant must be stated in indictment, in order to constitute public offense.

CHAS. L. SEALES for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The trial of the appellant, Elijah Sanlin, in the court below under an indictment accusing him of the crime of false swearing, resulted in a verdict from the jury finding him guilty thereof and fixing his punishment at confinement of three years in the penitentiary. He was refused a new trial and after excepting to the overruling by the court of his motion and grounds therefor and to its entering of a judgment approving the verdict, he, on the following day and during the same term of court at which his trial occurred, filed a written motion in arrest of judgment. This motion the court also overruled, to which ruling he likewise excepted. The appellant's complaint of these several rulings and the judgment entered in conformity thereto, led to the granting to him and his prosecution of the present appeal.

One of the several grounds relied on by the appellant for the reversal of the judgment is, that error, greatly prejudicial to his substantial rights, was committed by the trial court in the matter of overruling his motion in

arrest of judgment. The nature and office of a motion in arrest of judgment is defined by section 275, Criminal Code. And the single ground upon which a motion in arrest of judgment may or can be sustained is thus declared by section 276, Criminal Code:

> "The only ground upon which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court."

Section 277 provides:

> "The motion may be made any time before judgment, or after judgment during the same term of the court."

So the question here presented for our determination is, do the facts stated in the indictment constitute a public offense within the jurisdiction of the court? It is a well recognized rule in this jurisdiction that although the alleged offense may be so defectively stated in the indictment as to render it bad on demurrer, still, if, considering the facts stated in the indictment to be true, which must be done on a motion in arrest of judgment, as on a demurrer, a public offense has been committed by the defendant within the jurisdiction of the court, a motion in arrest of judgment will not avail; the defect or defects will be regarded as waived by failure to demur.

It will be found that this rule is amply supported by the following cases and others that might be cited: Duncan v. Commonwealth, 165 Ky. 247; Yarberry v. Commonwealth, 209 Ky. 15; Clary v. Commonwealth, 163 Ky. 48; Greer v. Commonwealth, 164 Ky. 396; Bradley v. Commonwealth, 132 Ky. 519; Tully v. Commonwealth, 11 Bush 154; Commonwealth v. Bowman, 96 Ky. 42.

Omitting its formal and accusatory opening paragraph, the indictment under which the appellant was tried thus describes the offense of which he was convicted:

> "The said defendant, Elijah Sanlin, in the county of Owsley and on the 17th day of March, A. D. 1925, and within twelve months before the finding of the indictment, did unlawfully, wilfully, feloniously and falsely swear before Judge Sam Hurst (in Owsley circuit court), a person authorized to administer an oath and on a point material under

investigation, that he had not been at work at a still with Wood Baker and Bill Cornett, when in fact and in truth he was at and working at said still and knowingly testified falsely concerning same, which statement was false and so known to be false by said Elijah Sanlin at the time he swore it; and that defendant Elijah Sanlin knowingly, wilfully, feloniously, corruptly and falsely did so depose and swear contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the Commonwealth of Kentucky.''

The public offense attempted to be charged by the indictment is one defined by Kentucky Statutes, section 1174, which provides:

"If any person, in any matter which is or may be judicially pending, or which is being investigated by a grand jury, or on any subject in which he can legally be sworn, or on which he is required to be sworn, *when sworn by a person authorized by law to administer an oath,* shall wilfully and knowingly swear, depose or give in evidence that which is false, he shall be confined in the penitentiary not less than one nor more than five years.''

It will be observed that the indictment fails to state or charge that the alleged false statements of which he is therein accused were made by the appellant in any case or matter then judicially pending or being investigated, or on any subject in which he could legally be sworn or was required to be sworn. In addition, the indictment wholly fails to state or charge that at the time of his making the alleged false statements therein set forth the appellant was testifying under or by virtue of an oath then, or previously, administered to him by the judge, clerk of the court, or other officer having authority to administer an oath.

Under the decisions of this court, the failure of an indictment in a criminal prosecution for false swearing under the statute, *supra,* to set forth the case or matter judicially pending, or investigated by the grand jury, with respect to which the defendant is alleged to have made the statements therein charged to be false, will, on demurrer to the indictment, be declared fatal to its validity. Childress v. Comlth., 197 Ky. 641; Sizemore v. Comlth., 210 Ky. 410; Ketcham v. Comlth., 210 Ky. 469.

In each of the three cases last cited the offense charged was false swearing and the indictment in each presented the same or a like omission to that under discussion, found in the indictment in the instant case. In none of them, however, was there a motion made by the defendant in arrest of judgment. But, on appeal, it was held that the indictment in each case was defective, and the judgment of conviction in each reversed, because of error committtted by the trial court in overruling the defendant's demurrer thereto. In Ketcham v. Comlth., *supra,* the court (quoting with approval from the opinion in Sizemore v. Comlth.) thus states the grounds on which that conclusion was rested:

> "It is the rule in this state that an indictment for false swearing is fatally defective which fails to state a matter judicially pending, or to specify the public offense being investigated by the grand jury with respect to which the defendant was sworn and made the alleged false statements. Childress v. Commonwealth, 197 Ky. 641, 247 S. W. 705. Here, the indictment merely charges that appellant was fully sworn by J. M. Porter, the foreman, 'who had authority to administer an oath,' coupled with the further allegation that the statement was material 'and about a matter in which defendant could legally be sworn.' It is at once apparent that this allegation falls far short of stating the matter judicially pending, or of specifying the public offense being investigated by the grand jury."

It is clear from the language of the statute, *supra,* that to swear wilfully and knowingly to that which is false, on any subject on which the person can be sworn, is by its terms made a felony. And though the oath need not be taken in a matter judicially pending, or under investigation, or on a subject on which he can be sworn, if it is taken and the false statements made in a matter judicially pending or under investigation, or on any subject on which he can be sworn, it is equally clear from the authorities, *supra,* that such mattter or subject must be properly set forth or alleged in the indictment, and the failure to do so will render the indictment bad on demurrer.

The failure, however, of the indictment to state that the alleged false statements therein charged to have been made by the appellant, were made under or by virtue of

an oath administered by an officer having authority to administer an oath, presents a question of graver import than the one first considered. For while, as we have seen, the authorities all agree that to constitute the offense in question the oath under which the false swearing is done need not be taken, nor the false testimony given in a matter judicially pending, or in a matter material to any point in question, it is essential that the false testimony be given or false statement made under oath, on a subject on which the person can legally be and is sworn, by an officer having authority to administer the oath. Comlth. v. Powell, 2 Met. 10; Comlth. v. Maynard, 91 Ky. 131; Kerfoot v. Comlth., 89 Ky. 174; Richey v. Comlth., 81 Ky. 524.

The allegations of the indictment that the appellant "did unlawfully, wilfully, feloniously and falsely swear before Judge Sam Hurst (in Owsley circuit court), a person authorized to administer an oath," is insufficient to charge the offense or show that he was sworn by Judge Hurst when or before making the alleged false statements. The essential or fundamental fact required to be alleged to constitute the offense must appear from an allegation that the alleged false statement or statements were made under or by virtue of an oath, duly administered when or before they were made by a person authorized by law to administer an oath; for the statute expressly so declares. The fact, therefore, that the accused was making the false statement or statements under oath duly administered when or before they were made must not be left to inference or conjecture, but directly and expressly alleged in order for the indictment to charge a specific public offense in the jurisdiction of the court trying him for the same.

As said in Comlth. v. Bowman, 96 Ky. 40, in reversing a judgment of conviction because of the indictment's failing to state a public offense in the jurisdiction of the court, "The indictment is certain as to the party charged, . . . and the county in which the offense was committed. If deficient at all, the deficiency consists in not alleging the particular circumstances of the offense charged. That is, the facts constituting the offense. This idea is tenable only upon the ground that the indictment is the pleading of the Commonwealth, and must state its grievance against the defendant in the manner prescribed by the Criminal Code of Practice as above set out and that every material fact necessary to be proven

on the trial, to convict the defendant, must be stated in the indictment in order to constitute a public offense." Criminal Code, section 124, subsections 1, 2, 3, 4; Comlth. v. Williams, 13 Bush 267; White v. Comlth., 9 Bush 179.

It is our conclusion that the indictment under which the appellant was tried and convicted, because of its failure to state that the alleged false statements therein attributed to the appellant, were made under oath, failed to state a public offense within the jurisdiction of the court. Wherefore, the judgment is reversed, with directions to the lower court to set it aside, together with the order overruling the appellant's motion in arrest of judgment, grant him a new trial, and permit such further proceedings as may not be inconsistent with the opinion.