## ULMER *v.* LELAND.

The essential foundation of an action of the case for malicious prosecution, is that the plaintiff has been prosecuted without probable cause.

Probable cause, in general, may be understood to be such conduct on the part of the accused, as may induce the Court to infer that the prosecution was undertaken from public motives.

Whether the circumstances relied on to prove the existence of probable cause be true or not, is a fact to be found by the jury :—but whether, if found to be true, they amount to probable cause, is a question of law.

*Trespass on the case,* for a malicious prosecution before a military court of inquiry holden at *Portland,* on certain charges preferred by the defendant and two other officers of the 34th regiment of United States' infantry, against the plaintiff, who was Colonel of a regiment of volunteers stationed at *Eastport,* and in 1812, and 1813, was commandant of all the troops sta-

tioned at the latter place. Of these charges the plaintiff had been honourably acquitted.

At the trial of this action at the sittings after *June* term, 1818, before *Parker C. J.* the jury were instructed that if they should believe that the prosecution before the military court was preferred from motives of malice or revenge, still, if they were satisfied that the defendant had probable cause for believing that the charges were true, their verdict ought to be in his favour: —and whether probable cause was fully made out or not, was left to the jury to decide, as a matter of evidence. A verdict being thereupon returned against the defendant, he moved for a new trial, alleging that the jury ought to have been instructed, as a matter of law, whether the facts proved amounted to probable cause or not;—and that the verdict was against evidence.

*Leland,* in support of the motion.

There are two points on which the action for malicious prosecution is founded;—1. want of probable cause,—2. malice. If either of these be wanting, the action cannot be maintained. The latter point is the exclusive province of the jury; and in the present action they have found it to exist. But the former belongs, partially at least, to the Court; and is never to be left at large to the jury, as it was in this case.

Probable cause is a reasonable ground of suspicion against the party accused, arising from existing facts, from which the Court may infer that the prosecution was undertaken from public motives. *Johnston v. Sutton,* 1 *D. & E.* 529. *Manns v. Dupont De Nemours,* 4 *Hall's Law Journal No.* 1. *p.* 102. *Smith v. McDonald,* 3 *Esp.* 7. *Paine v. Rochester, Cro. El.* 871. *Reynolds v. Kennedy,* 1 *Wils.* 232. *Whitney v. Peckham,* 15 *Mass.* 243. *Cox v. Winall, Cro. Jac.* 193. *Yelv.* 105. *Rol. Abr.* 113. cited in *Gilb. Ca.* 188.

And what shall be deemed probable cause, is a matter upon which the Court, not the jury, shall decide. *Buller N. P.* 14. *Selwyn N. P.* 943. 1 *Wils.* 232. 1 *Camp.* 207. *note. Johnston v. Sutton,* 1 *D. & E.* 545. 4 *Hall's Law Journal* 102.

If the prosecution were ever so maliciously carried on, yet if there be probable cause, this action does not lie. 6 *Mod.* 25. 73. *Gilb. Ca.* 185. 3 *Bl. Com.* 126. 2 *Munf.* 10. *Selwyn N. P.* 943. 4 *Burr.* 1974. It is an action not to be favoured, be-

Ulmer v. Leland.

ing against the policy of the law. 1 *Salk.* 15. *Saville v. Roberts*, 2 *Esp. N. P.* 536. 1 *D. & E.* 493.

Here *Leland* examined the facts as contained in the Judge's report, contending that they fully substantiated sufficient probable cause for the prosecution, and that the jury ought to have been so instructed by the Court.

*Abbot*, for the plaintiff.

It is not for the defendant to say that he had probable cause, because he suspected the charges to be true. He ought to have known the fact, with certainty. It appears that he was an officer in the plaintiff's own regiment at the time when the transactions complained of took place ;—and his situation gave him the means of certainly knowing whether the plaintiff was guilty of any military misconduct or not. Besides, such military prosecutions of a superior officer by a subaltern are not to be tolerated. They are contrary to public military policy, and subversive of the discipline of the army. *Johnston v. Sutton*, 1 *D. & E.* 529. And the authorities cited, relating to prosecutions at common law, are inapplicable to the case at bar.

But admitting this action to stand on the same foundation and to be governed by the same principles with actions for malicious prosecution generally; yet it is observable that here are no facts stated in the declaration from which probable cause might or might not appear. It was a matter of evidence to come out upon the trial ;—and the Court must now be considered as having been fully satisfied that the evidence did not amount to probable cause, since they left it generally to the jury.

WESTON J. after stating the facts, delivered the opinion of the Court as follows :

Whether this action can be sustained for a prosecution of this kind, is a question not now presented to the consideration of the Court.

The essential foundation of an action of this nature is, that a legal prosecution has been resorted to and pursued *without probable cause*. From the want of probable cause, malice is implied ; but the former is not implied from the latter. If probable cause do exist, however malicious may have been the motive

in which the prosecution originated, this action cannot be sustained.

Probable cause in general may be understood to be such conduct on the part of the accused, as may induce the Court to infer that the prosecution was undertaken from public motives.

It is of importance that the rights of the citizen should be protected ; but public policy also requires that prosecutions for offences should not be discouraged. Hence there has been a liberality of construction on the question of probable cause, in favour of the prosecutor, wherever he could be fairly understood to have been influenced by a presumption of guilt on the part of the accused. Thus where an inferior tribunal, first regularly resorted to, has convicted, probable cause has been decided to have been sufficiently established, although a Court of appellate jurisdiction has acquitted the accused, upon the most satisfactory demonstration of his innocence. 1 *Wils.* 232. 15 *Mass.* 243. And even where the evidence in support of the prosecution has been such as to induce the jury to pause, it has been ruled to be probable cause. *Smith v. McDonald,* 3 *Esp.* 7.

Whether probable cause exist or not, is a question involving law and fact. Whether the circumstances relied on to prove its existence are true or not, is a matter of fact ;—but if found to be true, whether they amount to probable cause is a question of law. 1 *D. & E.* 493.

The defendant moves for a new trial upon the ground that the jury were not properly instructed by the Judge, who presided at the trial, as to the law of the case ; and because the verdict is against evidence.

Upon the second point we give no opinion.

From the report of the Judge it appears that certain facts were proved, and that there was testimony in support of other facts ; but there is nothing in the case from which it can be inferred that the latter were or were not found to be true. The facts being thus imperfectly exhibited, we have it not in our power to determine with precision the question of probable cause as applicable to this case ; and upon this point therefore it is at this time neither necessary nor proper that we should intimate any opinion. It further appears from the report that the defendant insisted at the trial that the jury ought to be instructed, as a mat-

ter of law, that probable cause was fully made out. We have no doubt, from the principles and authorities which govern cases of this kind, that it was the duty of the Judge to have stated his opinion distinctly to the jury whether probable cause was or was not established, if the evidence introduced by the defendant proved, to their satisfaction, the truth of the facts upon which he relied. It does not appear, however, that the Judge gave any instructions to the jury upon the question of law involved in the case; but it does appear from his report, that he left it to them to decide as a matter of evidence. This omission on the part of the Judge is assigned by the defendant as the principal ground upon which to support his motion for a new trial; and we are satisfied that for this reason the motion ought to prevail.

*New trial granted.*

*Note.*—The Chief Justice gave no opinion in this case, having formerly been of counsel with the plaintiff.