# Case No. 16,130.

## UNITED STATES v. The RECORDER.

### [2 Blatchf. 119.] [1]

Circuit Court, S. D. New York. Nov. 23, 1849.

NAVIGATION LAWS—SEIZURES BY COLLECTOR—CERTIFICATE OF PROBABLE CAUSE—COSTS.

1. Where a vessel was seized by a collector for an alleged violation of the navigation laws

---

[2] [From 5 N. Y. Leg. Obs. 286.]

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

of the United States. but was discharged from arrest by this court on a hearing of the libel filed against her, on the ground that the statute had not been violated, and the collector afterwards applied to the court, under section 1 of the act of February 24th, 1807 (2 Stat. 422), for a certificate of reasonable cause for the seizure, and it appeared that the vessel was seized upon a construction of the statute adopted by the secretary of the treasury, in conformity with the opinion of the attorney-general, and that the collector acted under the instructions of the former officer in making the seizure· Held, that the certificate must be granted.· ,

2. It makes no difference whether the collector acted under a mistake as to facts on which he had reason to rely, or as to the law.

3. A reasonable ground of suspicion is reasonable cause for a seizure.

[Cited in Averill v. Smith, 17 Wall. (84 U. S.) 93; Stacey v. Emery, 97 U. S. 646.]

4. Where the application for the certificate was not made until more than two years and four months after the decision of the cause, and until after the claimant had brought suit against the collector for the seizure: Held that, although the lapse of time was not a bar to the application, yet, as there had been laches in not making it until after the claimant had brought such suit and incurred consequent expenses, those costs must be paid him.

This was an application on the part of the collector of the port of New-York, for a certificate of reasonable cause of seizure. The application was made in pursuance of the provisions of the 1st section of the act of February 24th, 1807 (2 Stat. 422). The vessel had been seized by the collector as forfeited to the United States under the act of March 1st, 1817 (3 Stat. 351), for an alleged violation of that act, and a libel filed praying her condemnation. On demurrer to special pleas, the vessel was ordered to be .discharged from arrest and delivered up to the claimants. [Case No. 16,129.] This application was not made until more than two years and four months after the decision of the cause, and until after the claimants had brought suit against the collector for the seizure.

Before NELSON, Circuit Justice, and BETTS, District Judge.

BETTS, District Judge. The omission to apply for this certificate on the decision of the cause, or for the period which has since elapsed, is not set up as a bar to the application; and the motion must stand, as to its merits, on the same footing as if it had been made at the earliest appropriate opportunity.

The seizure of the vessel was made upon a construction of the act of March 1st, 1817, adopted by the secretary of the treasury, in conformity with the opinion of the attorney-general. This court decided, on the hearing of the cause, that there had been no violation of the statute, and discharged the vessel from arrest. The case turned upon the construction of the statute, and of the convention between the United States and Great Britain, of July 30th, 1815 (8 Stat. 228), and presented points of considerable intricacy and

difficulty. The official opinion of the law officer of the government to the head of a department, and the instructions of that department to the collector, afforded to that officer a fair reason for believing that the law had been infringed, and will, in a moral point of view certainly, excuse his having obeyed those instructions in seizing the vessel.

It makes no difference whether the collector acted under a mistake as to facts on which he had reason to rely, or as to the law. This has been explicitly settled by the supreme court. U. S. v. Riddle, 5 Cranch [9 U. S.] 311. The court say: "A doubt as to the true construction of the law is as reasonable a cause for seizure as a doubt respecting the fact." A reasonable ground of suspicion, less than evidence which would justify a condemnation, is probable cause for a seizure. Munns v. Dupont [Case No. 9,926]; Locke v. U. S., 7 Cranch [11 U. S.] 339; The George [Case No. 5,328].

We think that the collector is entitled to a certificate of probable cause. But, as there has been laches in not applying for it until after suit has been brought by the claimants and expenses have consequently been incurred by them, we shall direct that those costs be paid them.