## STACEY v. EMERY.

A., a collector of internal revenue, seized certain whiskey belonging to B., for the condemnation and forfeiture whereof proceedings were afterwards, at the suit of the United States, brought in the proper court. The court rendered a judgment dismissing them; and, "it appearing that the seizure, though improperly made, was made by his superior officer, the supervisor," ordered that a certificate of probable cause be issued to A. B. brought trespass against the supervisor. *Held*, 1. That the certificate was a bar to the suit. 2. That the motive of the court for granting it makes no part of the record, and should not have been recited therein.

ERROR to the Circuit Court of the United States for the Middle District of Tennessee.

The facts are stated in the opinion of the court.

*Mr. Robert McPhail Smith* for the plaintiff in error.
*Mr. Assistant-Attorney-General Smith, contra.*

MR. JUSTICE HUNT delivered the opinion of the court.

Emery, a supervisor of internal revenue, was sued by Stacey for causing the seizure of a quantity of whiskey belonging to him, which had been libelled by the collector of internal revenue, under Emery's direction, and subsequently released, on dismissing the proceedings against it.

That judgment and the accompanying order are in the words following: "It is, therefore, considered by the court that the information in this cause be dismissed, and that the delivery bond given by the claimant for the property seized in this cause be discharged. It is further ordered by the court that the cost be certified to the proper accounting officers for payment, and that a certificate of probable cause of seizure be issued to W. D. Peabody, collector, it appearing that the seizure, although improperly made, was made by his superior officer, the supervisor."

Emery justified as supervisor, and upon demurrer to his pleas setting up the certificate of probable cause, as above set forth, judgment was given in his favor.

Stacey then sued out this writ of error, which is based on the ground that the certificate is no protection to Emery.

It is contended that the certificate protects the collector, on the sole ground that he acted as a ministerial officer, in obedience to the orders of his superior, and that the granting of the certificate in this form implies that the seizure was made without probable cause. These facts, it is said, determine conclusively that the seizure was wrongfully made, and that the defendant was a trespasser in making it. *Gelston et al.* v. *Hoyt,* 3 Wheat. 246; *The Apollon,* 9 Wheat. 362.

The defendant must and does base his exemption from liability for an unauthorized seizure of the plaintiff's goods upon the act of March 2, 1799 (1 Stat. 696, sect. 89), which provides as follows: "When any prosecution shall be commenced on account of the seizure of any ship or vessel, goods, wares, or merchandise, and judgment shall be given for the claimant or claimants, if it shall appear to the court before whom such

prosecution shall be tried that there was a reasonable cause of seizure, the said court shall cause a proper certificate or entry to be made thereof; and in such case the claimant or claimants shall not be entitled to costs, nor shall the person who made the seizure, or the prosecutor, be liable to action, suit, or judgment on account of such seizure or prosecution."

Under this act, if it appeared to the court that there was a reasonable cause of seizure, it was its duty to cause a proper certificate to be made thereof. This was its sole duty in this respect, and its decision is conclusive. The reason entitling the defendant to exemption, or the motive for granting the certificate, makes no part of the record, and should not be recited therein. If the prosecutor had called together a jury of twelve good men prior to the seizure, and had taken their judgment whether the goods were liable to seizure, and had acted upon it, this circumstance should have found no place in the record. Its recital would have been surplusage simply.

So when the court states as a reason for granting a certificate of probable cause of seizure by the collector, that the seizure was made by the direction of his superior officer, this statement is irrelevant and superfluous. The certificate of probable cause is all there is of it. The residue of the sentence is out of the case. The unusual form of the certificate should work no prejudice to the rights of the defendant.

The act we have cited provides that, when such certificate shall be made, neither the party making the seizure nor the prosecutor shall be liable to action on account of such seizure or prosecution. The collector who made the seizure has been certified not to be liable, and the present defendant, the party directing the seizure, — that is, the prosecutor, — is equally entitled to exemption.

Generally, it is the duty of the district attorney of the United States to prosecute for all violations of the customs revenue laws, or the internal revenue laws of the country. Rev. Stat., sect. 838. No doubt he falls within the protection of this statute of 1799, as does the collector of customs, who is expressly authorized by the act of 1796 to direct actions to be commenced to recover the penalties for the violations in that act specified.

Supervisors of internal revenue are authorized to be appointed

by the act of July 20, 1868.  15 Stat. 143, 144.  It was made a part of their duty " to see that all laws and regulations relating to the collection of internal taxes are faithfully executed and complied with, to aid in the prevention, detection, and punishment of any frauds in relation thereto."

It was in the discharge of this duty to see that the laws were faithfully executed, and to aid in the detection and punishment of frauds, that the defendant gave the direction complained of.

We are of the opinion that this officer, equally with the district attorney and customs collector, is entitled to the protection given by the act of 1799.

The complaint alleges that the seizure of the goods was illegal, and wrongful and malicious, and it is now contended that a certificate of probable cause affords no protection where the seizure is malicious.

This is an error.  The question of malice or of good faith is not an element in the case.  It is not a question of motive.  If the facts and circumstances before the officer are such as to warrant a man of prudence and caution in believing that the offence has been committed, it is sufficient.  Whether the officer seized the occasion to do an act which would injure another, or whether he moved reluctantly, is quite immaterial.

Mr. Justice Washington says, in *Munn* v. *Dupont*, 3 Wash. 37 : "If malice is proved, yet if probable cause exists, there is no liability.  Malice and want of probable cause must both exist," to justify an action.  He then defines probable cause in these words : " A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the party is guilty of the offence with which he is charged."

Chief Justice Shaw defines it in similar language : " Such a state of facts as would lead a man of ordinary caution to believe, or to entertain an honest and strong suspicion, that the person is guilty."  *Ulmer* v. *Leland*, 1 Me. 135.

In *Forhay* v. *Ferguson* (2 Den. (N. Y.) 617), the rule is laid down by Bronson, C. J., in the same language, with this addition : " And such cause will afford a defence to a malicious prosecution, however innocent the plaintiff may be."  In that case, there was evidence to justify a finding that the prosecu-

tion had been from a bad motive. This rule is so clear, that it is not necessary to multiply authorities.

In the case before us, the certificate was of " probable cause of seizure."

The authorities we have cited speak of " probable " cause. The statute of 1799, however, uses the words " reasonable cause of seizure." No argument is made that there is a substantial difference in the meaning of these expressions, and we think there is none. If there was a probable cause of seizure, there was a reasonable cause. If there was a reasonable cause of seizure, there was a probable cause. In many of these reported cases the two expressions are used as meaning the same thing: *Talbot* v. *Seeman*, 1 Cranch, 1 ; *Carrington and Others* v. *Merchants' Insurance Co.*, 8 Pet. 495 ; *United States* v. *Riddle*, 5 Cranch, 311 ; *Sixty Pipes of Brandy*, 10 Wheat. 421 ; *United States* v. *The Recorder*, 2 Blatchf. 119. Although informal in this, as in the terms already referred to, we are of the opinion that the certificate is sufficient to protect a prosecutor, and that the defendant is to be ranked as of that class.

*Judgment affirmed.*