## UNITED STATES v. ANDRADE et al.

(District Court, N. D. Texas, at Fort Worth. January 28, 1926.)

**1. Criminal law ⬅242(1)—Proceeding for removal judicial, not ministerial, and only judge can remove.**

Proceeding for removal of accused to another district for trial under indictment found in such district is judicial rather than ministerial, and commissioner may commit, but only judge can remove.

**2. Criminal law ⬅242(8)—Prerequisites to removal of accused to another district for trial stated.**

Before removal order is granted, judge should be satisfied that offense has been committed in district to which removal is sought, triable by court in which indictment is pending, that defendant is person charged with offense, and that there is probable cause to believe he is guilty thereof.

**3. Criminal law ⬅242(4)—Indictment substantially charging violation of federal law warrants removal order.**

That indictment substantially charges violation of federal law cognizable by court in which indictment is pending sufficiently shows that offense under federal laws was committed in such district for purposes of removal.

**4. Criminal law ⬅242(8)—Accused's identity, if questioned in removal proceedings, is matter of proof as any other question of fact in criminal case.**

In proceedings to remove accused to another district for trial under indictment there found, accused's identity, if questioned, is matter of proof as any other fact in a criminal case.

**5. Criminal law ⬅242(5)—In removal proceedings, certified copy of indictment is prima facie evidence of "probable cause."**

In proceedings for removal of accused to another district for trial under indictment there found, certified copy of indictment is prima facie evidence of "probable cause," which is such state of facts as would lead man of ordinary caution to believe or entertain honest and strong suspicion that accused is guilty.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Probable Cause.]

**6. Criminal law ⬅242(7)—Any competent evidence negativing existence of probable cause is admissible in removal proceedings.**

In proceedings for removal of accused to another district for trial under indictment there found, any competent testimony negativing existence of probable cause of guilt is admissible, and will receive same consideration by judge that it would receive in trial court.

**7. Criminal law ⬅549—"Prima facie evidence" defined.**

"Prima facie evidence" is an inference or presumption of law of a fact in absence of proof, or until proof can be obtained or produced to overcome inference.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Prima Facie Evidence.]

**8. Criminal law ⬅242(7)—In removal proceedings, government required to introduce evidence other than indictment, where accused's positive testimony meets issues raised thereby.**

In proceedings for removal of accused to another district for trial under indictment there found, government may introduce testimony in addition to indictment, and should be required to do so when defendant's positive testimony squarely meets issue presented by indictment, and, if on whole case probable cause does not exist, defendant should be discharged.

**9. Criminal law ⬅327—Burden on government to prove accused's guilt beyond reasonable doubt on trial.**

Burden is on government to prove accused's guilt beyond a reasonable doubt on the trial.

**10. Criminal law ⬅242(7)—In removal proceedings, burden on government to prove that accused is probably guilty.**

In removal proceedings, burden is on government to prove that accused is probably guilty, and, when defendant offers no testimony, certified copy of indictment is sufficient until it is met and overcome by positive testimony.

**11. Criminal law ⬅242(7)—In removal proceeding, evidence involving issue of accused's intent held insufficient to overcome prima facie case made by indictment.**

In proceeding to remove accused to another district for trial under indictment there found, charging use of mails in scheme to defraud in violation of Criminal Code, § 215 (Comp. St. § 10385), evidence inconsistent with guilt, if accused's intent was honest, but consistent with guilt, if intent was not honest, *held* insufficient to rebut prima facie case raised by indictment.

**12. Criminal law ⬅242(7)—Hardship in being compelled to defend in distant district not considered in removal proceeding.**

In proceeding to remove defendant for trial to another district, court cannot consider question of hardship in being required to defend in such district, even if government could easily conduct prosecution in district of defendant's residence.

Criminal prosecution by the United States against C. Andrade, III, and another. Petition for removal of defendant named to the Southern district of California, and application by defendants for discharge in habeas corpus. Order for removal granted conditionally, and application for defendants' discharge denied.

H. L. Arterberry, of Los Angeles, Cal., and David McCaleb, of Fort Worth, Tex., for the United States.

Charles L. Morgan, Will C. Austin, and W. E. Allen, all of Fort Worth, Tex., for defendants.

HUTCHESON, District Judge. This is a hearing on petition for an order of removal of the defendant, and, on his application for discharge on habeas corpus, considered and heard together by the district judge.

The issues have been so fairly stated, and discussed so clearly and in such lawyerlike fashion in the brief of counsel for the petitioner, that but for the length of it I should be content, with a few changes, to adopt as· my opinion. its statement of the law. As it is, I shall copy largely from it.

"C. Andrade, III, and another stand charged by indictment now pending in the Southern district of California, with a violation of section 215 of the Criminal Code of the United States (Comp. St. § 10385), prohibiting the use of the mails in connection with any scheme to defraud.

"Complaint was filed before the United States commissioner for the Northern district of Texas alleging the pendency of the indictment, and seeking a warrant for the arrest of Andrade and his commitment to answer the indictment pending in California. The warrant was issued; Andrade was arrested and taken before the commissioner; and an examining trial demanded. At the hearing, the identity of the defendant was admitted; the government introduced a certified copy of the indictment; and rested.

"Testimony was offered in behalf of the defendant, at the conclusion of which the defendant Andrade was ordered committed to jail pending the issuance of an order of removal. Application for habeas corpus was made, which was granted by the district judge, who at the same time granted a certiorari, bringing up the complete record of the proceedings had before the commissioner.

"In the meantime the United States attorney petitioned for an order to remove the defendant to the Southern district of California. · The petition for such order of removal and the application for discharge on habeas corpus were consolidated and heard together by the district judge. It was agreed that the evidence taken before the commissioner should be considered by the judge as if offered originally before the judge, and, in addition to the testimony so taken by the commissioner, other testimony was introduced by the defendant. The government offered no testimony other than a certified copy of the indictment.

"At the very threshold, then, must be considered and determined the law governing a proceeding of this character.

[1, 2] "It is well settled that the function of the judge is judicial rather than ministerial. The commissioner may commit, but only the judge can remove. Before an order of removal is granted, the judge should be satisfied: First, that an offense has been committed in the district to which it is sought to remove the defendant, triable by the court in which the indictment is pending; second, that the defendant before the judge is the identical person charged with the commission of such offense, and, third, that there is probable cause to believe that·the defendant sought to be removed is guilty of the offense charged.

[3] "To determine the first question, the removal court should examine the indictment sufficiently to ascertain if it charges an offense. If the indictment substantially charges the violation of a law of the United States, cognizable by the court in which the indictment is pending, the first inquiry is ended.

[4] "If the identity of the defendant is questioned, that is a matter of proof as any other fact in a criminal case. In the case under consideration, the identity of the defendant has been admitted, and there is, therefore, no issue before the court on this feature.

[5, 6] "The third, and most important, inquiry is whether or not there is probable cause to believe the defendant to be guilty of the offense charged.

"The meaning of the term 'probable cause' is very well defined. In Stacey v. Emery, 97 U. S. 642, 24 L. Ed. 1035, it was said to be: 'Such a state of facts as would lead a man of ordinary caution to believe, or to entertain an honest and strong suspicion, that the person is guilty.'

"In United States v. Green (D. C.) 136 F. 628, the meaning of these words is discussed as follows: ' "Probable cause is the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." Wheeler v. Nesbitt et al., 24 How. 544, 16 L. Ed. 765. "Probable cause, as defined in the books, is such a° state of facts and circumstances as would lead a man of ordinary caution and prudence, acting conscientiously, impartially, reasonably, and without prejudice upon the facts within his knowledge, to believe that the person accused. is guilty." '

"It is now well settled that in proceedings

of this character a certified copy of the indictment is prima facie evidence of probable cause. Some courts say 'the indictment is presumptive of probable cause.' Tinsley v. Treat, 205 U. S. 20, 27 S. Ct. 430, 51 L. Ed. 689. The cited case is the first direct expression of the Supreme Court on the proposition last announced. Prior to that decision in some districts the judges ordered the removal of defendants to other districts upon the production of a certified copy of an indictment, and denied the defendant the right to offer testimony on the issue of probable cause; the courts proceeding, under Tinsley v. Treat, upon the theory that, though the defendant had a right to a hearing upon probable cause prior to indictment, if removal is sought after indictment, he was no more entitled to a hearing on the removal proceeding than he would be in the state where the indictment was returned, entitled to a hearing when arrested on process under that indictment.

"The question arises as to what testimony in behalf of a defendant is admissible. In other words, to what extent may the defendant produce testimony bearing on the question of guilt or innocence.

"Probable cause, as used in the cases, relates to the question of the guilt of the defendant of the offense charged. It is abundantly settled that the indictment is not conclusive on the issue of probable cause, and that the defendant may rebut the presumption arising from the production of a duly certified copy of an indictment. If this be true, it follows logically that any testimony which tends to overcome the presumption raised by the indictment is admissible. Such is the holding in the case of Tinsley v. Treat, heretofore cited. In that case the defendant offered testimony to the effect that he did not commit the offense which by the indictment he was charged with having committed. The Supreme Court made no reservation as to the testimony which should have been admitted, and placed no limitation on defendant's right in this regard.

"In United States v. Johnston (D. C.) 292 F. 493, Judge Neterer reached this conclusion:

"'It is settled by the Supreme Court that the order of removal is a judicial act, and that the prima facie case made by the indictment and proof of identity may be overcome by testimony, that the burden to overcome such prima facie case is on the defendant, and that a defendant is entitled to the judgment of the court from which removal is sought as to the existence of probable

cause upon the testimony presented. Tinsley v. Treat, 205 U. S. 20, 27 S. Ct. 430, 51 L. Ed. 689; U. S. v. Morse (D. C.) 287 F. 906. In Tinsley v. Treat, supra, the court quoted Justice Brewer in Beavers v. Henkel, 194 U. S. 73, 24 S. Ct. 605, 48 L. Ed. 822.

"'"It may be conceded that no such removal should be summarily and arbitrarily made. There are risks and burdens attending it which ought not to be needlessly cast upon any individual. * *- * We must never forget that in all controversies, civil or criminal, between the government and an individual, the latter is entitled to reasonable protection. * * * In other words, the removal is made a judicial rather than a mere ministerial act."

"'Probable cause means more than opportunity to commit crime, or presence in a particular place. It must be more than surmise or suspicion. There must be some tangible fact or incident which will support a judicial act; something which invokes discrimination of judicial discretion. The facts and circumstances before the court must be such as to warrant a man of prudence and caution in believing that the defendant is guilty. Stacy [Stacey] v. Emery, 97 U. S. 642, 24 L. Ed. 1035.' Id. (D. C.) 292 F. 493.

"The soundness of the decisions cited cannot be questioned. It would be an anomaly to affirm that a defendant has the right to show want of probable cause and at the same time say that, because the evidence might tend to disprove the commission of the offense, it is not admissible. The indictment is said to be prima facie evidence of the commission of the offense charged by the defendant before the court. The commission of the offense by the defendant is the very thing that is meant when reference is made to probable cause of guilt. It is what the court is inquiring into. The burden is upon the government to prove probable cause in the first instance, and the right is guaranteed to the defendant to rebut such proof. To deny the defendant the right to introduce any pertinent testimony on the question of his guilt or innocence is to deny him the very right which the Supreme Court has held is guaranteed to him under the Constitution. If, therefore, the defendant may go into probable cause, and unquestionably he may, it cannot be said consistently that he should be denied the right to cover every phase of the case of which the indictment is any proof, or as to which it creates any presumption.

"In Rumely v. McCarthy (D. C.) 256 F. 566, Judge Mayer thus aptly states the true rule: 'The committing magistrate and the

court should have before them the entire situation, so as to be able to pass on all the questions which go to the rights of defendant in this proceeding.'

"One of the rights of the defendant is to have a judicial determination of the issue of probable cause, and any pertinent testimony going to this issue should be admitted. [7] "The courts say that the indictment is prima facie evidence of probable cause, and the next inquiry naturally is, What is meant by prima facie evidence? In Kelly v. Jackson, 6 Pet. 622, 8 L. Ed. 523, the term is thus defined: 'It was there stated that the probate was "only prima facie evidence, or evidence from which a delivery may be presumed, and may be rebutted by direct or circumstantial evidence, which raises a contrary presumption." * * * What is prima facie evidence of a fact? It is such as, in judgment of law, is sufficient to establish the fact; and, if not rebutted, remains sufficient for the purpose.'

"Stated in another way, prima facie evidence is an inference or presumption of law of a fact in the absence of proof, or until proof can be obtained or produced to overcome the inference, but, as said in Fresh v. Gilson, 16 Pet. 327, 10 L. Ed. 982: 'Presumptions can stand only whilst they are compatible with the conduct of those to whom it may be sought to apply them; and still more must give place, when in conflict with clear, distinct, and convincing proof.'

"Or, as stated by the Supreme Court of Texas in Largen v. State, 76 Tex. 323, 13 S. W. 161: 'Presumptions cannot be indulged in opposition to facts which show that the facts sought to be established by presumption can have no existence.'

[8] "The government undoubtedly has the right to introduce testimony in addition to the indictment. Greene v. Henkel, 183 U. S. 249, 22 S. Ct. 218, 46 L. Ed. 177, and should be required to do so when the defendant, by positive testimony, has met the issue squarely that is presented by the indictment. The judge cannot shut his eyes and close his ears to the testimony produced by a defendant in a proceeding of this kind. To do so would be to surrender the duties of a judge and become an administrative officer of the executive branch of the government. It was never contemplated that a judge should place himself in this attitude. He must hear and consider the testimony in a proceeding of this kind with that same degree of fairness and impartiality that he would show if the defendant were on trial before him.

"It is not intimated nor suggested that the judge should reconcile conflicts in the testimony of witnesses, for to do so would be to assume the prerogatives of a jury in a trial court. He is not to resolve doubtful questions of law or fact, but he is to judicially determine the effect of undisputed facts. When the testimony is uncontradicted and unimpeached, such testimony is not to be brushed aside merely because it contradicts charges made in the indictment. Why is the defendant allowed to introduce testimony on probable cause if it is not to impeach or contradict the indictment? Obviously, the court would put himself in an inconsistent position if it were to be asserted in one breath that the defendant may offer any competent testimony, the tendency of which is to negative probable cause, and in the next breath to say that that testimony cannot be considered if it tends to contradict the indictment.

"The court must either say that such testimony is not admissible in the first instance, or must say that such testimony will be given the same consideration by the judge hearing same as it would in any other proceeding. The Supreme Court has distinctly ruled that testimony negativing the existence of probable cause is admissible, and that to reject it is to violate a constitutional right of the defendant. Therefore, until the Supreme Court announces a different rule, or until Congress elects to change the procedure, it must be held that any competent testimony negativing the existence of probable cause of guilt is admissible in a removal proceeding, and that such testimony shall and will receive the same consideration by the judge that it would receive in the trial court.

[9,10] "But the government contends there should not be two trials. No fault is found with this contention. It is elementary that in the trial of a criminal case the burden rests upon the government to prove the guilt of the defendant beyond a reasonable doubt, while in a removal proceeding the burden is only to prove that he is probably guilty of the offense charged. When no testimony is offered in behalf of a defendant in a removal case, a certified copy of the indictment substantially charging an offense meets the requirement of the law, and suffices until the presumption created by the production of the indictment is met and overcome by the positive testimony offered by the defendant."

When the defendant meets the issues squarely, and by unimpeached and uncontradicted testimony, either disinterested, or, if interested, such as is accredited by the court

sufficiently to overcome the presumption raised by the indictment, the burden shifts to the government, and, unless proof aliunde is offered in behalf of the government, the prisoner should be discharged.

"The expense and inconvenience of requiring a defendant to make his defense in a distant district is not of controlling importance at all, but is a factor to be considered when the government elects to rely on the indictment alone, and where the defendant has squarely met the issues raised by the indictment. It would be unfair to the government in such a situation to require the production of all of its testimony, or to prove the defendant's guilt beyond a reasonable doubt. But it is not unreasonable to require the production of enough evidence aliunde the indictment to show a reasonable probability that a case can be developed that a trial judge would submit to a jury.

"A removal proceeding has been likened to a hearing before an examining court where one is charged prior to indictment with the commission of a crime.

"In such proceeding it is now well settled that a defendant so charged has the right to produce testimony in his behalf, and that the committing magistrate shall consider all material and relevant testimony before him, and base his decision thereon. Unless upon such consideration it is found that an offense has been committed, and that the defendant is probably guilty of such offense, he shall be discharged. 16 Corpus Juris, 332, and cases there cited."

And this whether the removal is sought before or after the indictment; the only difference being that, if sought before indictment, the government has the full burden on the trial to prove probable cause. If sought after indictment, the indictment makes a prima facie case of probable cause, shifting the burden of rebuttal to the defendant.

"The law of this case, summarized, is as follows: First, the indictment raises a prima facie presumption that the offense charged has been committed, and that the defendant is probably guilty thereof; second, the defendant has the right to negative the existence of probable cause by offering any competent and relevant testimony having such tendency; third, the testimony so offered by the defendant shall receive fair and just consideration by the judge before whom same is offered; and, fourth, if the testimony so offered by the defendant reasonably negatives the existence of probable cause,

and the government electing to stand upon the indictment alone offers no rebutting evidence, or if the government does offer rebutting evidence, and upon the whole case the judge does not find the existence of probable cause, defendant should be discharged."

Unfortunately for the defendant, while I concur with his counsel in their excellent statement of the law, and cannot but admire the industry, assiduity, and vigor of their preparation, and commend their thoughtful and loyal service to their client, I cannot agree with them in the application of the law thus stated to the facts, which is but another confirmation of the wisdom of Captain Tuttle that "the bearings of that observation lies in the application of it."

[11] I think it must be conceded that the defendant's evidence powerfully shakes the prima facie case made by the indictment, and, were it not for the essentially personal character of the guilt charged, and of the defendant's attempted exculpation from that guilt, grave doubt might and ought to arise whether probable cause for the prosecution exists, for he has met every accusation with an explanation of the circumstances under which he did and said the things which he did and said, which, if accepted as true, would be inconsistent with his guilt.

The difficulty, however, is that, stripped of all its involvement, the offense with which he is charged is one entirely of intent. If his intent was honest, nothing which he is charged with doing was wrong. If dishonest, and for the purpose of deception, everything he did was wrong.

The defendants seem to believe that they have met the burden cast on them by the fact of the indictment by having the defendant testify to facts which, if coupled with an honest intent, would acquit him, but which, if coupled with a dishonest intent, would convict him, for there is enough of circumlocution and of concealment in the case to make a case of guilt, if the purpose of the man was dishonest, while there is enough of explanation for these transactions to make a case of innocence, if his purpose was honest.

Viewing the whole case, I am of the opinion that the prima facies raised by the indictment are not legally rebutted and that a finding of no probable cause cannot, in the face of the indictment, be made by me.

[12] I am not unmindful of the fact that the election by the government to bring this action in California, the place of the receipt of the letters charged to have been sent in pursuance of the fraudulent scheme, im-

poses upon the defendants, all of whom live in Texas, and whose operations were conducted entirely from Texas, a tremendous hardship, if it will not entirely prevent them making an adequate defense, while the government can as easily, and perhaps with more ease, conduct the prosecution in Texas, where the defendants reside.

Such considerations, however, are addressed to, and should be determined by, the prosecuting, rather than the judicial, branch of the government, and can have no legitimate influence upon my determination of the question of probable cause further than that a consideration of this hardship upon the defendants compels me to consider as highly substantial their application for relief from a removing order.

Believing as I do that, though the defendant has, if his evidence be believed, entirely exculpated himself from the charges laid against him, the charge being what it is, and his evidence being interested as it is, I am not able to find a want of probable cause for the government's prosecution of him, his application for discharge under the writ of habeas corpus will be denied, and a removal order will be entered, unless the defendant enters into suitable recognizance for his appearance before the District Court of California.