THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. CHARLES HILL, Defendant.

County Court, Lewis County, February 24, 1928.

Crimes — violation of Penal Law, § 1851 — indictment is based on alleged failure of defendant to stop motor car when signaled by game protector and State police — no showing that officers had reasonable ground to believe defendant had evidence of violation of Conservation Law — Conservation Law, § 169, authorizes search without warrant only where there is reasonable cause — acts of officers violated Civil Rights Law, § 8 — indictment is dismissed.

The indictment of the defendant on a charge that he willfully resisted a public officer in the discharge of his duties in violation of section 1851 of the Penal Law, is insufficient and must be dismissed.

The charge is based on the failure of the defendant to stop his motor car when signaled by game protectors and State police, that he was ordered to stop so that the officers might search his automobile for the purpose of determining whether it contained any evidence of a violation of the Conservation Law, and that under section 169 of the Conservation Law the officers had the right to stop the defendant and search his automobile without a search warrant.

The indictment is defective in that it does not show that the officers had cause to believe that an examination and search of the automobile would disclose evidence that the defendant had violated the Conservation Law.

The acts of the officers were illegal (Civil Rights Law, § 8), and, therefore, the defendant was not required to stop.

DEMURRER to indictment charging violation of section 1851 of the Penal Law.

*Miller B. Moran, District Attorney*, for the plaintiff.

*Frank Bowman*, for the defendant.

CARTER, J. Section 169 of the Conservation Law (added by Laws of 1912, chap. 318, as amd. by Laws of 1921, chap. 328) reads, in

part, as follows: " Inspectors and game protectors, the members of the state police and forest rangers shall enforce all laws relating to fish, birds and quadrupeds; * * * and shall have power to * * * make search where they have cause to believe that fish, birds or quadrupeds, or any parts thereof, are possessed in violation of law, and without search warrant to examine the contents of any boat, car, automobile or other vehicle, box, locker, basket, creel, crate, game bag or other package, and the contents of any building other than a dwelling house, to ascertain whether any of the provisions of this article or of any law for the protection of fish, shellfish, birds or quadrupeds have been or are being violated, and to use such force as may be necessary for the purpose of such examination and inspection."

Section 1851 of the Penal Law reads as follows: " A person who, in any case or under any circumstances not otherwise specially provided for, wilfully resists, delays, or obstructs a public officer in discharging, or attempting to discharge, a duty of his office, is guilty of a misdemeanor."

The defendant was indicted for violation of the last section.

The indictment charges the defendant with the crime of violating section 1851 and alleges the crime was committed as follows: " That on or about the 23d day of October, 1927, at about five-thirty o'clock in the afternoon of said day, on the Number Four Road, so-called, in the town of Watson, county of Lewis, aforesaid, the said Charles Hill, with force and arms did wilfully, maliciously and unlawfully resist, delay and obstruct a public officer, to wit: State Game Protectors and a member of the State Police in attempting to discharge the duties of their office in that the said Charles Hill while operating a Ford automobile on said day in a westerly direction, upon said highway, did fail to stop or bring said automobile to a standstill at the signals and commands of said Game Protectors and State Police in order that said Game Protectors and State Police might examine the contents of said automobile to ascertain whether the Conservation Law of the State of New York had been or was being violated."

The defendant demurred to the indictment on the ground " that the facts stated in said indictment do not constitute a crime."

The facts are briefly: The defendant, while driving an automobile along a highway, was signaled and commanded to stop by the officers mentioned in the indictment in order that they might examine the contents of said automobile to ascertain whether the Conservation Law had been or was being violated, and the defendant did not stop.

The presumption is that the defendant had not violated any

law and that he was innocent. There is no allegation, nor is there any presumption, that said officers believed, or had any cause or reason to believe, that the defendant had been or was violating the Conservation Law, or that there was any evidence of such violation in the automobile, and there is no allegation that the defendant knew for what reason said officers sought to stop him.

The defendant had the right to pass along the highway, as he was doing, and these officers had no right to stop him or search his automobile unless they were authorized so to do by the sovereign power of this State.   Were they so authorized?

It is claimed that section 169 of the Conservation Law, above quoted, gives authority to the officers in question in cases where they have no cause to believe said law is being violated, to stop automobiles being driven along the highway and search the same to ascertain whether the said law is being violated; but a careful reading of said section shows that it is only when the officer " has cause to believe " that said law has been or is being violated that he has authority to stop a car and search the same.

Section 8 of the Civil Rights Law, as amended by chapter 80 of the Laws of 1923, and the Fourth Amendment to the Constitution of the United States read substantially as follows: The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated; and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

General searches are unlawful (*Marron* v. *United States*, 275 U. S. 192; 48 Sup. Ct. 74) and all unlawful searches are unreasonable within the meaning of said section and amendment.   (*State* v. *Wills*, 91 W. Va. 659.)

It would be intolerable and unreasonable if these officers were authorized to stop and search every automobile on the chance of finding evidence of a violation of the Conservation Law.   But they have no such authority.   It is only when they have reasonable cause to believe that an automobile contains evidence of a violation of the Conservation Law that they are authorized to stop and search the same.   (*Carroll* v. *United States*, 267 U. S. 132; *People* v. *Didonna*, 124 Misc. 873.)

Probable cause has been defined as follows: " If the facts and circumstances before the officer are such as to warrant a man of prudence and caution in believing that the offense has been committed, it is sufficient."   (*Stacey* v. *Emery*, 97 U. S. 642, 645.)

Briefly stated, these officers have no right to stop an automobile

and search the same unless they have reasonable cause to believe that it contains evidence of a violation of the Conservation Law. So far as it appears from the indictment, they had no such probable cause; therefore, their acts were illegal, and the defendant was under no obligation to stop his car, and he did not violate said section 1851.

It follows that the demurrer herein must be sustained, the indictment dismissed, and since, from the statement of the district attorney, it appears that there is no evidence of probable cause, and, therefore, the defect in this indictment cannot be cured, the defendant is discharged.