UNITED STATES ex rel. SAUERBREY v.
MOORE, U. S. Marshal.

No. 34.

District Court, E. D. Kentucky, Catlettsburg.

Sept. 6, 1941.

Daniel W. Davies, of Newport, Ky., for petitioner.

J. T. Metcalf, U. S. Atty., of Lexington, Ky., and Claude P. Stephens, Asst. U. S. Atty., of Prestonsburg, Ky., for the United States.

SWINFORD, District Judge.

William A. Sauerbrey petitions the Court to release him from the custody of the United States Marshal for the Eastern District of Kentucky by whom he is being held for removal to the Northern District of Illinois, Eastern Division, under an order of removal issued by a United States Commissioner in this District (Eastern District of Kentucky).

A hearing was had in accordance with the provisions of Revised Statutes, Sections 758, 759, 760 and 761, 28 U.S.C.A. §§ 458, 459, 460 and 461. From the record made at that hearing this Court must "determine the facts of the case", and "dispose of the party as law and justice require". Rev.St. § 761, 28 U.S.C.A. § 461.

Sauerbrey, with thirty-seven other persons, is under indictment in the Northern District of Illinois for violations of the revenue laws pertaining to illicit liquor transactions. The indictment contains forty-five counts. The first forty-four counts charge substantive offenses occurring in the Northern District of Illinois. The forty-fifth count charges a conspiracy "to commit divers offenses against the said United States, that is to say, the offenses set forth in the preceding counts of this indictment, which offenses are herein incorporated by reference as though fully set forth and made a part hereof, together with numerous other offenses of a like nature as those contained in the said preceding counts."

Of the twenty-eight overt acts set out in the conspiracy count only one of them refers to the petitioner. This overt act is as follows: "8. That on, to wit, July 15, 1939, at Newport, Kentucky, defendants Harry Kaurisch and William Sauerbrey, alias Dutch, did meet Joseph Graceffa;".

■ The record discloses that petitioner on this occasion purchased or participated in the purchase of a load of alcohol from Graceffa. As the purchaser of the product of the unlawful stilling operations in the Northern District of Illinois the petitioner committed no offense. The following is quoted from United States v. Farrar, 281 U.S. 624, 50 S.Ct. 425, 427, 74 L.Ed. 1078, 68 A.L.R. 892: "Since long before the adoption of the Eighteenth Amendment, it has been held with practical unanimity that, in the absence of an express statutory provision to the contrary, the purchaser of intoxicating liquor, the sale of which was prohibited, was guilty of no offense."

■ Where the identity of the petitioner as being the person charged in the indictment is admitted relief should be denied if it appears from the record, First: That an offense against the United States is charged in the indictment under which the warrant for arrest was issued and on which the removal is sought. Second: That the Court to which the removal is sought has jurisdiction of the offense charged. Third: That there is probable cause for belief that the defendant committed the offense with which he is charged. United States, etc., v. Mathues, United States Marshal, D. C., 6 F.2d 149.

The case of United States v. Andrade, D. C., 10 F.2d 572, was before the Circuit Court of Appeals for the Fifth Circuit, 16 F.2d 776, on a petition for an order of removal and application for discharge on habeas corpus. The following language from the case of United States v. Johnston, D. C., 292 F. 491, 493, was quoted with approval in the opinion [10 F.2d 574]:

"It is settled by the Supreme Court that the order of removal is a judicial act, and that the prima facie case made by the indictment and proof of identity may be overcome by testimony, that the burden to overcome such prima facie case is on the defendant, and that a defendant is entitled to the judgment of the court from which removal is sought as to the existence of probable cause upon the testimony presented. Tinsley v. Treat, 205 U.S. 20, 27 S.Ct. 430, 51 L.Ed. 689; United States v. Morse (D.C.) 287 F. 906. In Tinsley v. Treat, supra, the court quoted Justice Brewer in Beavers v. Henkel, 194 U.S. 73, 24 S.Ct. 605, 48 L.Ed. 822.

" ' "It may be conceded that no such removal should be summarily and arbitrarily made. There are risks and burdens attending it which ought not to be needlessly cast upon any individual. * * * We must never forget that in all controversies, civil or criminal, between the government and an individual, the latter is entitled to reasonable protection. * * * In other words, the removal is made a judicial rather that a mere ministerial act."

" 'Probable cause means more than opportunity to commit crime, or presence in a particular place. It must be more than surmise or suspicion. There must be some tangible fact or incident which will support a judicial act, something which invokes discrimination of judicial discretion. The facts and circumstances before the court must be such as to warrant a man of prudence and caution in believing that the defendant is guilty. Stacey v. Emery, 97 U.S. 642, 24 L.Ed. 1035.' [United States v. Johnston] (D.C.) 292 F. [491], 493."

In the instant case it is admitted that Sauerbrey is the identical person charged in the indictment, that the offense charged is one of which the United States takes cognizance and that the Northern District of Illinois has jurisdiction.

The only question for determination is whether from the record here there is probable cause for the belief that Sauerbrey committed the offense.

■■ A certified copy of an indictment is taken as prima facie evidence of probable

cause. Beavers v. Henkel, 194 U.S. 73, 24 S.Ct. 605, 48 L.Ed. 882. It is also true that acts of a grand jury should be taken with the greatest respect. Neither should a showing of probable cause be ignored because the Court may believe from other evidence that the defendant is not guilty of the crime with which he is charged. United States, etc. v. Gault, Marshal, 271 U.S. 142, 46 S.Ct. 459, 70 L.Ed. 875.

■ It is further observed that the prosecution cannot be required to put on its case and make a convincing showing of the guilt of the petitioner. Such an attitude on the part of courts charged with the determination of such questions would stifle the successful prosecution of law violators and intolerably impede the enforcement of criminal laws. Such questions are left to the determination of the trial courts and for a judge before whom a petition for removal is pending, however presented, to undertake to weigh and determine evidence of guilt is to usurp a function not contemplated in such proceeding. United States v. Lynn et al., D. C., 284 F. 904; Henry v. Henkel, Marshal, 235 U.S. 219, 35 S.Ct. 54, 59 L.Ed. 203. However, notwithstanding the criteria for proper adjudication which have been here reviewed and which have been laid down by courts as sound principles of guidance, the Court charged with the determination of the question of want of probable cause should not lose sight of the statutory direction "to dispose of the party as law and justice require."

Acting within the spirit of the congressional pronouncement Federal Courts have grounded their decisions in habeas corpus cases not on literal technicalities but on a broad conception of essential justice and there is found in the decisions of the Supreme Court a manifestation of the spirit of the chancellor in his formulation of a decree in equity. Here I am called upon to decide in a judicial capacity (not merely to perform a ministerial act), whether from the whole record there is probable cause to believe that Sauerbrey was a party to a conspiracy to commit the acts charged in the forty-four counts of the indictment. I am unalterably convinced that he was not.

There has grown up in this country a practice among United States Attorneys to use 18 U.S.C.A. § 88, the so-called conspiracy statute, as a catch-all or dragnet for everything and everybody, wheresoever found, who might have had some remote connection with the substantive crime or crimes charged. This most important and useful criminal statute has been prostituted beyond recognition. There is an attempt to ensnare not only those enacting the crime but any who might be standing in its shadow. It has been suggested that this practice grew up under Prohibition and now is used so extensively that a large percentage of the indictments drawn include a conspiracy count. Regardless of origin it should not be permitted to flourish.

The Conference of Senior Circuit Judges, June, 1925, in referring to the conspiracy statute in connection with its use by United States Attorneys made the following poignant statement as quoted in the case of United States v. Motlow et al., 7 Cir., 10 F.2d 657, 662:

"We note the prevalent use of conspiracy indictments for converting a joint misdemeanor into a felony, and we express our conviction that, both for this purpose and for the purpose, or at least with the effect, of bringing in much improper evidence, the conspiracy statute is being much abused.

"Although in a particular case there may be no preconcert of plan, excepting that necessarily inherent in mere joint action, it is difficult to exclude that situation from the established definitions of conspiracy; yet the theory which permits us to call the aborted plan a greater offense than the completed crime supposes a serious and substantially continued group scheme for co-operative law breaking. We observe so many conspiracy prosecutions which do not have this substantial base that we fear the creation of a general impression, very harmful to law enforcement, that this method of prosecution is used arbitrarily and harshly. Further the rules of evidence in conspiracy cases make them most difficult to try without prejudice to an innocent defendant.

"We think it proper for us to bring this matter to the attention of the District Judges, with the request that they present it to the district attorneys, and for us to bring it also to the attention of the Attorney General, with the suggestion that he call it to the attention of the district attorneys, as in his judgment may be proper, and all to the end that this form of indictment be hereafter not adopted hastily but only after a careful conclusion that the public interest so requires, and to the end

546

that transformations of a misdemeanor into a felony should not be thus accomplished, unless the propriety thereof clearly appears."

The portion of the report quoted with approval in the case cited referred to misdemeanors but it is equally apt in cases such as the case before me.

 A mere denial of the allegation contained in the indictment is not, of course, sufficient to overcome the prima facie case. United States v. Mathues, supra. The Court, however, may take into consideration all surrounding circumstances and may find that denial to be true.

I believe that the petitioner was telling the truth when he stated from the witness stand that he had not been in the Northern District of Illinois and that he had no knowledge of the distilling operations there as charged in the substantive counts.

He did, of course, buy alcohol produced, evidently, by those stills but to be a conspirator to the operations in that District is entirely another question. It is essentially unjust in the light of the convictions which I have to permit this petitioner, who at most was merely a buyer of the product from the operation of the alleged conspiracy, to be required to defend himself in this foreign District.

The evidence is sufficient to overcome the presumption of probable cause and the petitioner should be discharged.

Proper orders in conformity herewith should be submitted.