**UNITED STATES of America**

v.

**Joseph SCHIMPF and Robert Layton.**
**Crim. No. 71–614.**

United States District Court,
E. D. Pennsylvania.

May 2, 1972.

Louis C. Bechtle, U. S. Atty., Robert N. deLuca, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Mark D. Schaffer, Defender Assoc. of Philadelphia, Philadelphia, Pa., for Robert Layton.

Robert Scandone, Defender Assoc. of Philadelphia, Philadelphia, Pa., for Joseph Schimpf.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

This case is now before the Court on the Motion of defendant Schimpf and that of defendant Layton to suppress evidence, namely, certain counterfeit $20 Federal Reserve Notes seized on May 11, 1971.

Three counterfeit $20 bills were seized from Schimpf and likewise three were seized from Layton at the time of their arrest. The pertinent facts were as follows: On May 11, 1971 two officers of the Philadelphia Police responded separately to a call from the manager of Kellis' Bar to the effect that someone was attempting to pass counterfeit money in the bar. Upon entering the bar, the first officer observed Schimpf and Layton standing at the bar talking to the manager. He was told that the defendants had tried to pass counterfeit money. When Schimpf saw the second uniformed officer enter, he tried surreptitiously to toss three counterfeit $20 bills behind a nearby jukebox, but the officer saw him throw them, retrieved them, identified them as counterfeit, and arrested him. Almost simultaneously, Layton attempted to walk out a side door into the adjoining restaurant portion of the bar. Layton was arrested and searched and three more counterfeit $20 bills were found on him.

■ The three $20 bills Schimpf attempted to "get rid of" are obviously admissible as voluntarily abandoned. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1967); Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). The three counterfeit bills found on Layton are admissible if there was probable cause to arrest Layton, since they would then be the fruits of a search pursuant to an arrest in a situation suggesting the probable existence of easily disposed of evidence of the crime on the arrested person's body. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); United States v. Hill, 340 F.Supp. 344, E.D.Pa., 1972. This Court finds that there was probable cause for the arrest. The bartender's words coupled with Schimpf's actions, the counterfeit money which had already come to light, the fact that Layton appeared to be with Schimpf, and Layton's apparent attempt to flee, certainly warranted a reasonably prudent person to conclude that Layton had probably committed or was committing a crime involving counterfeit U. S. currency. Stacey v. Emery, 97 U.S. 642, 24 L.Ed. 1035 (1878). Therefore, the three counterfeit $20 bills found in the search pursuant to Layton's arrest are admissible as evidence.

■ As to the seven hundred eighty-nine (789) counterfeit $20 Federal Reserve Notes found later that night in Schimpf's car, while it is true that there was no warrant to search the car, the officer who discovered the money testified that it was clearly visible and identifiable as counterfeit from outside the car by reason of the fact that the car's interior lights were on. Therefore, it too is admissible, since no warrant is needed for the seizure of obvious contraband in plain sight.